**Salem**

ISOLDE KAMMERL BLANK

v.

DIETMAR G. BLANK

No. 1777-88-3

Decided March 13, 1990

COUNSEL

William Rosenberger, Jr., for appellant.

Killis T. Howard, for appellee.

OPINION

**MOON, J.**—Isolde Kammerl Blank claims that the trial court erred in making a $25,000 lump sum spousal support award to her in lieu of periodic payments and without reserving to her the right to petition the court for further support upon a change of circumstances. We reverse the judgment as it relates to the spousal support award because the record does not show that the award and the wife's circumstances are such that she will be provided for in the future in the event of a change of circumstances. She also seeks reversal of the finding that a bank account solely in her name was transmuted into marital property, but we find that the trial judge's award in that regard is supported by the evidence.

■ Code § 20-107.1 provides that the trial court, in its discretion, may decree that maintenance and support of a spouse be made in periodic payments, or in a lump sum award, or both. The exercise of the trial judge's discretion will not be disturbed upon appeal unless it has been exceeded. *Hinshaw v. Hinshaw*, 201 Va. 668, 670, 112 S.E.2d 902, 903 (1960).

■ With regard to how the court shall fashion an award of spousal support, the law's aim is to provide a sum for such period of time as needed to maintain the spouse in the manner to which the spouse was accustomed during the marriage, balanced against the other spouse's ability to pay. *Lapidus v. Lapidus*, 226 Va. 575, 580, 311 S.E.2d 786, 789 (1984). The balance must be struck and awards made upon the basis of the circumstances disclosed by the evidence at the time of the award.

■ Code § 20-109 grants courts continuing jurisdiction to modify awards where changed circumstances are demonstrated. Thus, "[the] statutory scheme recognizes that comparative needs and capacities change as circumstances change, that changes are not fairly predictable, and that spousal support awards must be determined in light of contemporary circumstances and . . . redetermined [if necessary] in light of new circumstances." *Jacobs v. Jacobs*, 219 Va. 993, 995, 254 S.E.2d 56, 58 (1979).

■ Where the record had no evidence that one spouse's needs or the other spouse's ability to provide for those needs would substantially change within the immediate or reasonably foreseeable future, the trial court's action limiting its award to two years was held to be error. *See Thomas v. Thomas*, 217 Va. 502, 229 S.E.2d 887 (1976). Similarly, we held that where there is no bar to the right of spousal support "it is reversible error for the trial court, upon request of either party, to fail to make a reservation in the decree of the right to receive spousal support in the event of a change of circumstances," even though, at the time of the decree, neither party needed support. *Bacon v. Bacon*, 3 Va. App. 484, 351 S.E.2d 37 (1986).

■ Neither Code § 20-107.1 nor § 20-109 bars the reservation of the right to petition for additional support when the initial award is a lump sum only. Since when there is no award a reservation of right to petition for future support must be granted, it follows that a modest lump sum award should not defeat the right

to petition for additional support in the event of changed circumstances.

Although a lump sum award that satisfies present and contingent needs of the parties is within the discretion of the trial judge, many courts have concluded that periodic spousal support is the preferred form of payment, not favoring lump sum support awards because such awards usually are considered final and not modifiable. 2 H. Clark, *The Law Of Domestic Relations In The United States* 270, citing, *e.g.*, *Carlson* v. *Carlson*, 178 Colo. 283, 497 P.2d 1006 (1972) (lump sum alimony denied because periodic payments are normally preferred since they can be modified if circumstances change, and absent special circumstances which make a lump sum award proper, or a compelling reason that necessitates the desirability of such an award, a lump sum alimony award should not be made); *Brandis v. Brandis*, 51 Ill. App. 3d 467, 367 N.E.2d 162 (1977) (alimony in periodic payments is usually proper so the court can exercise continuing supervision over respective needs and abilities of the parties; lump sum alimony not proper here because none of the appropriate circumstances are present: payor spouse does not pay bills or will not work, is regularly intoxicated and refuses to work, has occupation so hazardous that he might not be able to continue to produce income, has irregular or speculative income; or there is bitterness of feeling between the parties). *But see Reed v. Reed*, 457 S.W.2d 4 (Ky. 1969), *aff'd*, 484 S.W.2d 844 (Ky. 1972), *cert. denied*, 410 U.S. 931 (1973) (lump sum alimony is favored by this court, but in this case awarded in lieu of periodic payments only after finding that the wife's estate and her income, along with the $500,000 lump sum alimony award, would yield income or profits sufficient for her comfortable maintenance and style without being required to consume the principal).

Generally, when courts do make lump sum spousal support awards they do so because of special circumstances or compelling reasons, and appellate courts uphold such awards where the record clearly reflects the court's rationale for finding that the award will adequately provide for contingencies. *Storer v. Storer*, 353 So. 2d 152 (Fla. Dist. Ct. App. 1977), *cert. denied*, 360 So. 2d 1250 (Fla. 1978) (the trial judge properly characterized financial status of the parties, contemplated the present and future needs of the wife and the present ability of the husband to pay, when he

entered the judgment); *Hall v. Hall*, 18 Ill. App. 3d 583, 310 N.E.2d 186 (1974) (although the usual and proper procedure is to award alimony in periodic payments, here, "[t]here is no reason to continue the financial bickering between the parties through periodic alimony;" the husband has substantial net worth but irregular income, the husband's drinking is a factor, and therefore there is no security for the wife under a decree of periodic alimony); *Beals v. Beals*, 682 P.2d 862 (Utah 1984) (lump sum alimony appropriate because of the extremely acrimonious relationship between the parties, the husband's repeated lack of cooperation in the divorce proceedings, and his refusal to pay the temporary alimony ordered by the court earlier, all of which indicated a likelihood that the wife would have great difficulty in collecting periodic alimony payments).

We acknowledge that a lump sum award may be advantageous to one or both parties. The recipient of a lump sum award does not have to face the difficulty and expense of enforcing the decree or the possibility that payments will diminish with changes in the payor's circumstances. A lump sum award offers the payor the assurance that he or she can plan for the future without facing the uncertainty that the support obligation may be modified. H. Clark, *supra* at 270. A major reason for choosing the lump sum is a particular payor's resistance to complying with the decree, the hazards of his or her business, or the possibility that he or she may leave the forum and thereby make enforcement of periodic payments more difficult and expensive. *Green v. Green*, 41 Ill. App. 3d 154, 354 N.E.2d 661 (1976).

In the present case, Mr. Blank favored a lump sum award so he could reduce uncertainty about the future. No other circumstances favored a lump sum award, without a right to petition for additional support upon a change of circumstances.

We do not hold that every lump sum award must be accompanied by a reservation of the right to petition for additional support upon a change of circumstances. We do hold, however, that if there is a lump sum award and no reservation of the right to petition upon a change of circumstances, when the payee spouse requests such a reservation, the record must support why, under the circumstances of the case, the lump sum better meets the objectives of the statutory scheme than do periodic payments. A lump sum award based on evidence showing special circumstances or

compelling reasons may be final if fully adequate to meet the payee spouse's reasonably foreseeable needs.

With regard to the spousal support award in the present case, we review the evidence in the light most favorable to the appellee, Mr. Blank. Mrs. Blank was forty-five years of age, and Mr. Blank was forty-six. They, being German nationals, were married in Germany in 1965. They moved to Lynchburg in 1984 in order for Mr. Blank to work for the Meredith-Burda Corporation, the survivor of the merger between an American company and the husband's employer in Germany. They lived in a house appraised at $96,600 at the time of hearing. There is little description of the house except that it had a swimming pool. The mortgage at the time of the hearing was approximately $55,000. The Blanks' two children were both over the age of eighteen at the time of the divorce.

From the time the children were born until they reached their majority, the wife maintained the home, cared for the children, and was not employed outside of the home. They owned two cars, one being a Mercedes Benz 500SL which was sold for $32,000 at some point during the divorce proceeding. They owned an expensive Mercedes, in part, because on several occasions Mr. Blank brought one of the cars to this country to sell at a profit when the law was favorable for doing so. This was one he did not immediately sell.

Mr. Blank earned $57,600 in 1984 and $45,600 in the first eleven months in 1987. The amounts during the intervening years ranged between these two amounts. Mr. Blank explained that his income had declined due to the company's profitability decline. As previously stated, Mrs. Blank is forty-five years old and Mr. Blank is forty-six. They are both in good health, except Mrs. Blank had varicose vein surgery in 1987 and still complains of pain when standing for long hours at her present job. She earns $4.65 an hour as a receptionist and cashier in a restaurant. In addition, Mrs. Blank has some talent as an artist and from time to time has sold paintings for between $100 and $200 each. However, the evidence did not show at what rate she could produce the paintings or if there was a steady market for them. She complained that her limited English language skills reduce her earning capacity. Mr. Blank argued that Mrs. Blank is bilingual, speaking both English and German fluently, and has French language ability. Neverthe-

less, the evidence did not show that her language abilities either enhanced or diminished her job opportunities in Lynchburg. There were no findings of fact regarding the needs of the parties or precise findings with regard to the earning capacities of the parties. However, we do not feel that precise findings are essential to our disposition of the case.

Mr. Blank presented a budget of his monthly expenses showing needs of $1,715 a month. Mrs. Blank's estimated monthly expenses, presented at the hearing, totalled $1,840. The trial court could reasonably have inferred that she had not substantiated some of her expenses, particularly clothing costs. By the time the court's order was entered, her statement had changed to some extent because she had purchased a condominium with some of her assets.

The record contains little other relevant evidence pertaining to the nine factors contained in Code § 20-107.1.

The court made an equitable distribution award which in effect left Mrs. Blank with cash and property of an approximate value of $63,000. Mr. Blank was left with cash and property of an approximate value of $49,000. Mrs. Blank was also awarded $220 per month from his pension, to begin when Mr. Blank reached sixty-five years of age, approximately twenty years from now.

Although the lump sum spousal support award of $25,000 may be adequate for the short term, the record does not support a conclusion that Mrs. Blank's future needs and circumstances are reasonably foreseeable so that the award, when considered in connection with the wife's other property and circumstances, will be adequate to meet her needs, regardless of a change of circumstances.

The second issue in this case concerns one aspect of the equitable distribution award. The wife argues that a bank account, with a balance of $8,381, in her name, was separate property because the husband made no contribution to it, the sole contribution being a gift from her mother to her. However, other evidence showed that she deposited their $3,315 joint income tax refund check to the account. Thus, the source of funds in the account was a factual issue resolved against Mrs. Blank by the trial judge. Because we find evidence to support his finding of fact that the prop-

erty was transmuted into marital property, we will not disturb the award on that basis. *See Smoot v. Smoot*, 233 Va. 435, 441, 357 S.E.2d 728, 731 (1987).

■ Furthermore, unless it appears from the record that the trial judge has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the equitable distribution award will not be reversed on appeal. *See Brown v. Brown*, 5 Va. App. 238, 244-45, 361 S.E.2d 364, 368 (1987). In the present case, the trial judge, after finding the bank account was marital property, divided it equally. We find no abuse of discretion, and no lack of consideration of any of the statutory mandates relating to the equitable distribution award.

■ The trial judge in making the equitable distribution award calculated the percentage of equity of each party in specific items of marital property. *See McGinnis v. McGinnis*, 1 Va. App. 272, 276-77, 338 S.E.2d 159, 161 (1985). No objection to the procedure was made at trial and may not be raised as an issue on appeal. When an award is determined in such a manner without objection, on appeal, because of the difficulty of determining if and how the trial court considered the Code § 20-107.3 factors as to each separate item of property, we will look to the overall reasonableness of the award to determine whether there was an abuse of discretion. We do not examine the division of individual items of property. Here, Mrs. Blank received more than fifty percent of the marital property. There is no showing that the trial judge abused his discretion by not awarding her an even greater percentage.

We reverse the judgment appealed from as it relates to spousal support and remand the case for reconsideration of a spousal support award consistent with this opinion. The judgment is otherwise affirmed.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Koontz, C.J., and Barrow, J., concurred.