COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Coleman and Senior Judge Cole
Argued at Richmond, Virginia


NANCY M. JAFFE

MEMORANDUM OPINION[*] BY
v.   Record No. 2348-96-2          JUDGE MARVIN F. COLE
                                    JUNE 17, 1997
STEPHEN L. JAFFE


FROM THE CIRCUIT COURT OF HANOVER COUNTY
Richard H. C. Taylor, Judge

Lawrence D. Diehl for appellant.

Stephen L. Jaffe, pro se.


Nancy M. Jaffe (wife) appeals a decision of the Circuit
Court of Hanover County disposing of certain issues of spousal
support and equitable distribution. She contends that the trial
court erred in (1) awarding a lump sum award of $50,000 as
spousal support in lieu of periodic spousal support; (2) failing
to compensate her for services rendered and expenses incurred in
developing and subdividing the marital real estate known as
"Stanley Farms"; (3) failing to complete the personal property
division pursuant to its previous rulings; and (4) denying her
motion to modify and suspend the execution of the court's order
of August 27, 1996, because the trial court failed to properly
assess the tax consequences of the order. Upon reviewing the
record, we find this appeal without merit and affirm, except that

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

part awarding a $50,000 lump sum in lieu of periodic spousal support, which we reverse and remand.

Because the parties are familiar with the facts, we restate only those facts necessary to explain our holdings on the issues.

## I.  Lump Sum Award

During the years that this cause has been pending, Stephen L. Jaffe (husband) has been paying periodic spousal support.  In its latest spousal support order dated May 25, 1995, the trial court ordered husband to pay wife monthly the sum of $1,500, plus medical insurance, effective April 1, 1995.  In a final letter opinion concluding all of the issues before it, the trial court found a change of circumstances and ordered that the monthly payment of spousal support and medical insurance should cease on September 1, 1996, and that the husband will be required to pay to wife in lieu thereof a lump sum payment of $50,000, which was to be paid out of the husband's distribution from the sale of "Stanley Farms" lots held in escrow by Commissioner Vaughan.  The trial judge stated that "to continue to require a relationship, each with the other, is materially destructive."  The order did not grant the right to the wife to petition the court for additional support in the future.

Code § 20-107.1 provides that "[t]he court, in its discretion, may decree that maintenance and support of a spouse be made in periodic payments, or in a lump sum award, or both." The exercise of the trial court's discretion will not be

disturbed upon appeal unless it has been exceeded.

> With regard to how the court shall fashion an award of spousal support, the law's aim is to provide a sum for such period of time as needed to maintain the spouse in the manner to which the spouse was accustomed during the marriage, balanced against the other spouse's ability to pay. The balance must be struck and awards made upon the basis of the circumstances disclosed by the evidence at the time of the award.

Blank v. Blank, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990) (citation omitted).

In Blank, this Court stated that "[g]enerally, when courts do make lump sum spousal support awards they do so because of special circumstances or compelling reasons, and appellate courts uphold such awards where the record clearly reflects the court's rationale for finding that the award will adequately provide for contingencies." Id. at 5, 389 S.E.2d at 725. We acknowledged that under some circumstances a lump sum award may be justified and advantageous to one or both parties. One who receives the benefit of a lump sum award does not have to face the possibility that payments may diminish with changes in the payor's circumstances. The payor is assured that he can plan for the future without facing the uncertainty that the support obligation may be increased. See id. at 5-6, 389 S.E.2d at 725-26. "A lump sum award based on evidence showing special circumstances or compelling reasons may be final if fully adequate to meet the payee spouse's reasonably foreseeable needs." Id. at 6-7, 389 S.E.2d at 726.

In the present case, neither party favored a lump sum award. Husband, for reasons set forth in the Plaintiff's Memorandum of his Position dated July 20, 1996, contended that wife was not entitled to any spousal support because she was able to work and had sufficient assets received from equitable distribution of the marital assets to support herself. Wife, for reasons set forth in the Defendant's Memorandum of her Position filed on July 29, 1996, contended that her spousal support should remain at $2,000 monthly, plus payment of medical insurance. She did suggest, pursuant to a request from the trial court, that she would accept a lump sum award (based upon life expectancy tables of 26.4 years and $2,000 monthly support payments) of $471,457.

We do not find any special circumstances or compelling reasons for a lump sum award in this case. When the parties receive their final distribution for the sale of the "Stanley Farms" lots, now held in an escrow account by the special commissioner, both husband and wife will receive a substantial cash distribution which will more than satisfy any need for cash at the present time.

Husband recognizes that he and wife are at ages where disability has become a major concern in their lives. He asserts that physical barriers and declining age may affect his economic future and that this must be considered in the court's decision. Wife claims that because of her age and physical disabilities, the only jobs she can secure would pay $5-$8 an hour. She will

4

receive a substantial distribution when the special commissioner makes the distribution from the sale of "Stanley Farms" lots. In addition, she contends that she will need monthly support payments in the amount of $2,000 to live up to the standard of living to which she is accustomed. Finding no evidence of special circumstances or compelling reasons to justify a lump sum award in lieu of periodic payments, we find that the trial court erred in awarding the lump sum payment in lieu of periodic spousal support payments. We vacate the lump sum award of $50,000 and remand for determination of an appropriate periodic spousal support payment or the reservation of the right to request spousal support if no periodic support is awarded.

## II. Claim for Services and Expenses Incurred in Development of "Stanley Farms"

Wife contends that she conceived the plan of development of "Stanley Farms," obtained releases from lenders, supervised the work, did the layouts for electric utilities, and obtained approval of the subdivision from Hanover County and appropriate state agencies. She asserts that she is entitled to compensation for her services and expenses in the work she did in the subdivision of "Stanley Farms." Husband points out that he kept the cash flowing since January of 1989, that he performed as much work as wife, yet he received only 45% of the distribution from the sale of this marital asset.

On April 13, 1994, wife filed a motion in the divorce and equitable distribution cause asking the court to compel the

5

subdivision of "Stanley Farms."  She alleged that she, together with many professionals experienced in subdivision planning, formulated a plan and funding for subdividing "Stanley Farms," that husband refused to sign the necessary documents enabling the project to go forward, and she moved the court to order the proposed subdivision.

On April 18, 1994, a hearing was held on the motion to subdivide, on a motion to award compensation to the wife for her services and expenses and on other motions not pertinent hereto. The trial court ordered that the parties immediately execute all documents necessary for the subdivision of "Stanley Farms" consistent with the subdivision plan of the wife and Wally Hughes, a realtor, the engineering and survey proposal prepared by Paul Jalbert and the realty marketing agreement proposed by Sandra Worsham and Wally Hughes, Incorporated.  The court further ordered that until the sale of "Stanley Farms," husband continue to pay all outstanding mortgages, taxes and insurance as previously ordered by the court.  The court further ordered that each party share equally in the expenses of the sale of each lot associated with the cost of the subdivision, e.g., the cost of the roads and surveys.  The court took under advisement wife's motion for compensation for her work on the subdivision.

In her brief, wife admits that no Virginia court has directly addressed the issue of fees or compensation for equitable distribution sales efforts, but relies upon Swinford v.

Swinford, 682 S.W.2d 189 (Mo. Ct. App. 1984), referring to the appointment of a person to effectuate a sale of property, the court stating: "Obviously, the appointment would entitle the person to a reasonable fee to be fixed by the court." Id. at 192. This case is not on point because it does not deal with joint tenants. In this case, the trial court has compensated Special Commissioner Vaughan for his services and expenses out of joint funds. All of the professional persons who worked on the subdivision have been paid out of joint funds. Wife has been paid for her expenses out of joint funds. Husband has not been reimbursed for payment of the mortgages, taxes and insurance out of joint funds.

Code § 20-107.3(C) gives to a circuit court jurisdiction to deal with marital assets. The statute provides that the court may, based upon the factors listed in subsection E, divide or transfer or order the division or transfer, or both, of jointly owned marital property, or any part thereof. As a means of dividing or transferring the jointly owned marital property, the statute provides that the court may transfer or order the transfer of real or personal property or any interest therein to one of the parties, permit either party to purchase the interest of the other and direct the allocation of the proceeds, provided the party purchasing the interest of the other agrees to assume any indebtedness secured by the property, or order its sale by private sale by the parties, through such agent as the court

7

shall direct, or by public sale as the court shall direct without the necessity for partition. We do not believe that the statute grants authority to the circuit courts to require the parties to subdivide real estate in order to sell it. Subdivision of land requires approval and regulation by both municipal and state governments. It requires planning, financing, surveying, building roads and utilities before selling lots, as was done in this case. The statute does not require the parties to involuntarily submit to such risks. The statute envisions a sale or division of the property in its current state. Wife has not advanced any legal theory that will permit her to recover for services rendered in planning a subdivision where the actual work has been performed by third parties who are knowledgeable in such areas and paid for such work by the special commissioner out of the proceeds of sale of the real estate.

Wife cannot recover in this divorce case upon any theory of contract law because there was no contract between the joint owners of the real estate. The husband did not voluntarily agree to a subdivision of "Stanley Farms," but was involuntarily required to participate by virtue of a court order.

It is an established principle of property law that

"[c]otenants may, of course, render, themselves jointly liable to third persons by contracting jointly in respect to the common property. But one tenant in common cannot

8

bind his cotenant personally nor by any unauthorized agreement or act in respect to the common property. There is no relationship existing between cotenants, as between partners, which will render the acts of one cotenant respecting the common property binding on the others. No action of one or more of several tenants in common can impair the rights of the other cotenants."

Overby v. White, 245 Va. 446, 448, 429 S.E.2d 17, 18–19 (1993) (citation omitted).

If we considered the sale in this case equivalent to a partition suit for the sale of real estate, wife still could not recover for her services. The Supreme Court, in Shotwell v. Shotwell, 202 Va. 613, 119 S.E.2d 251 (1961), stated:

> It is true that as a general rule a joint tenant who at his own expense places permanent improvements upon common property is entitled in a partition suit to compensation for the improvements. This is so, whether his cotenant agreed thereto or not. Compensation of this kind is allowable not as a matter of legal right but purely as a desire of a court of equity to do justice and to prevent one tenant from becoming enriched at the expense of another. However, in the absence of consent on the part of the cotenant the amount of compensation is limited to the amount by which the value of the common property has been enhanced.

Id. at 618, 119 S.E.2d at 255.

Wife does not come under this rule because she did not prove

9

the actual construction of any improvement and, although subdividing the land may have seemed a premium price for it, she presented no evidence that her services produced any enhancement in value to the common property. We find that the trial judge was not plainly wrong in denying her claim for compensation in planning the subdivision of "Stanley Farms."

### III. Personal Property Division

Wife contends that the trial court failed to complete the personal property division pursuant to previous rulings of the court.

The commissioner in chancery, whose recommendation was approved by the trial court, made no monetary award to either party, but decided this case under Code § 20-107.3(C) that provides for the division or transfer, or both, of jointly owned marital property. Regarding a division of the personal property, the commissioner reported that wife should retain ownership of her motor vehicle and husband should retain the vehicle he had in his possession. He further reported that they should each retain ownership and possession of the personal property that they had in their possession at the time. He distributed to husband complete ownership and possession of the personal property located at his professional office. He provided that the horses, the tack, the motorboat, gear and trailer, sporting equipment, the fully equipped workshop and other building supplies should be sold with the farm.

10

The trial court decided that the divisions to date were sufficient to finalize the award. Wife in her brief asserts that the trial court's statement was made with no evidence to support such a conclusion; such a conclusion without a full accounting, without a valuation of the remaining items to be distributed, was not supported by the record. She contends that we should remand this issue to the trial court for purposes of finalizing the personal property division according to the original final decree.

"On appeal, the judgment of the trial court is presumed correct. The burden is on the party who alleges reversible error to show by the record that reversal is the remedy to which he is entitled." Johnson v. Commonwealth, 12 Va. App. 391, 396, 404 S.E.2d 384, 387 (1991) (citations omitted). Litigants have the burden to present evidence sufficient for the court to discharge its duty. "'[T]he burden is always on the parties to present sufficient evidence to provide the basis on which a proper determination can be made . . . .'" Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987) (citation omitted). "'Parties should not be allowed to benefit on review for their failure to introduce evidence at trial. . . . At some point we must "ring the curtain down."'" Id. (citations omitted). We find no error in the trial court's ruling.

### IV. Tax Consequences

Wife contends that the trial court erred in denying her

11

Motion to Modify and Suspend its August 27, 1996 order because it failed to properly assess the tax consequences of such order. The trial court explained, when it denied the motion, that all ten items set forth in Code § 20-107.3(E) were examined by the commissioner and by the trial court on many occasions, particularly during the period of time when the distribution of assets, sale of lots, the purchase of lots by wife and the purchase of all of the property by wife were under discussion. The court stated that the tax consequences were taken into consideration in examining the change of circumstances and setting the lump sum award in lieu of alimony.

The trial court is directed by the statute to consider tax consequences in making an award of equitable distribution. The record in this case reflects that the trial court on many occasions has considered tax consequences. We find that it neither abused its discretion nor misapplied the statutory factors in its adjudication of the award. Therefore, it did not err in refusing to modify or suspend execution of its August 27, 1996 order.

For the foregoing reasons, the decision of the trial court is affirmed in part and reversed in part. The provision for a $50,000 lump sum award in lieu of periodic spousal support is vacated and is remanded to the trial court to determine appropriate periodic spousal support.

<u>Affirmed in part,
reversed in part,
and remanded.</u>

12