COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Bumgardner and Lemons
Argued at Salem, Virginia


CAROL YOUNG BLANDING
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 1103-98-3        JUDGE RUDOLPH BUMGARDNER, III
                                         MARCH 16, 1999
DONALD SLY BLANDING


              FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                      Roy B. Willett, Judge

          William H. Cleaveland (Rider, Thomas,
          Cleaveland, Ferris & Eakin, P.C., on brief),
          for appellant.

          Sam Garrison for appellee.


     The wife appeals the trial court's decision to give the

husband a portion of a brokerage account that she claims was her

separate property.  The husband appeals the decision not to

allocate to him a larger portion.  Concluding that there is

sufficient evidence in the record to support the decision of the

trial court, we affirm.

     The trial court found that the disputed brokerage account

was marital property.  It distributed 69% of the account to the

wife and 31% to the husband, which were different proportions

than it distributed other marital assets.  When explaining its

decision to treat the account as marital property and divide it

as it did, the trial court said, "I think that the bulk of that

[account] is separate property, however, I cannot ignore that he

--------------------

        *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

had an inheritance, too, and that is the balance that I have reached after listening to all of this."

The parties were married in 1978 and separated in 1996. When the parties started having marital problems, the wife opened a new brokerage account at A.G. Edwards & Sons, Inc. The husband never knew about the account, which she held in her name jointly with her brother. The brother's interest was nominal only. The statements from that account show an opening deposit of $20,000 on February 16, 1994. Subsequent deposits of $5,000 each were made July 1994, January 1995, and September 1995. At the time of separation, the account had a balance of approximately $41,000.

During the marriage, the wife's father made periodic cash gifts by check. The parties disagreed strongly whether the gifts were to the wife alone or to them jointly. The husband testified that on many occasions his wife said, "Hey, my father has sent us more money." She presented a list of checks received from her father and provided copies of many of these checks. Neither the list nor the copies included all the checks received from her father. He made all checks payable to the wife alone except for one in 1986 made payable to both. The wife endorsed the checks and deposited them in a joint marital account until she opened the A.G. Edwards account. After opening that account, the wife deposited all checks received from her father to the account.

The husband received an inheritance during the marriage. The wife testified that they deposited the money, approximately $15,000, in a joint Merrill Lynch Ready Assets account and spent

it before opening the A.G. Edwards account. Throughout the marriage, the wife managed the family's finances.

For this appeal, we need not decide whether the gifts were to the wife alone. Assuming that they were gifts to her alone, she failed to show that the account, which she claims as separate property, was established with funds received from her father. The gifts from her father were the only source she had of separate property. However, the funds used to establish the account did not necessarily come from those gifts.

We review the evidence and all reasonable inferences in the light most favorable to the prevailing party below, the husband in this instance. See Alphin v. Alphin, 15 Va. App. 395, 399, 424 S.E.2d 572, 574 (1992). When the wife opened the account, she transferred $20,000 by making two separate deposits of $5,000 and $15,000. The initial deposits do not correlate with the receipt of gifts when comparing the receipt of cash gifts with the brokerage statement. The wife received only one check for $5,000 around the time she opened the account. That sum alone could be considered separate property. Though she had received more than $20,000 worth of gifts by the time she opened the account, all earlier funds had been deposited in joint marital accounts and would have become marital property. See Code § 20-107.3(3)(d). She received $15,000 in the eighteen months after she established the brokerage account, but the only source for the major part of the initial deposit was funds that were marital property. Checks received before the brokerage account

was opened show the checks were deposited in a checking account according to her own notations on the checks.

Property acquired during a marriage is presumed to be marital property.  See Code § 20-107.3.  The party claiming a gift as separate property has the burden of producing credible evidence of the donor's intent to rebut the marital property presumption.  See Stainback v. Stainback, 11 Va. App. 13, 17-18, 396 S.E.2d 686, 689 (1990).  The evidence the wife presented does not establish as a matter of law that she established the account using separate property alone.  The gifts from her father could have been the source, but it is more likely that the initial deposit consisted of marital funds.

The wife claims that she has linked the gifts from her father to the brokerage account by showing that all marital funds were expended and no funds remained that could have been the source except her father's gifts.  Her proof is not so exact; it is subject to interpretation and evaluation.  The trial court had to interpret and evaluate the testimony and the supporting documents.  Much of the wife's evidence consisted of her explanations and recollections of the financial transactions during the marriage.  However, she did not support her testimony with the kind of precise data that financial transactions routinely generate.  The trial judge must determine the weight and value of her evidence, see Booth v. Booth, 7 Va. App. 22, 28, 371 S.E.2d 509, 573 (1988), and on appeal we will not reverse that determination unless plainly wrong or without evidence to

- 4 -

support it.  See Matthews v. Matthews, 26 Va. App. 638, 644, 496 S.E.2d 126, 128 (1998) (citations omitted).  The evidence was in conflict, there is evidence to support the trial court's finding, and we cannot change it on appeal.  See Willis v. Magette, 254 Va. 198, 491 S.E.2d 735 (1997).  The wife failed to prove that the account consisted of funds that were her separate property alone.

Both parties complain that the trial court allocated them too small a portion of the A.G. Edwards account.  The standard of review of the trial court's equitable distribution is well established.  "Unless it appears from the record that the trial judge has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the equitable distribution award will not be reversed on appeal."  Blank v. Blank, 10 Va. App. 1, 9, 389 S.E.2d 723, 727 (1990).  We find no abuse of discretion in the trial court's method of dividing the account.  Accordingly, we affirm.

Affirmed.