COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Lemons* and Frank
Argued at Chesapeake, Virginia


VICTORIA M. FRAZIER

                                        MEMORANDUM OPINION** BY
v.    Record No. 0932-99-1              JUDGE DONALD W. LEMONS
                                             MARCH 21, 2000
JAMES R. FRAZIER


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                     James A. Cales, Jr., Judge

            Diane Pomeroy Griffin for appellant.

            Darell Sayer (Ferrell, Sayer & Nicolo, P.C.,
            on brief), for appellee.


     Victoria M. Frazier appeals the decision of the Circuit

Court of the City of Portsmouth and maintains that the

chancellor erred by awarding her lump sum spousal support rather

than periodic spousal support and erred by failing to provide

for a reservation of spousal support.  We agree and reverse and

remand for further proceedings.

     In August, 1996, James R. Frazier ("husband") filed a Bill

of Complaint in the Circuit Court of the City of Portsmouth

seeking a divorce, equitable distribution relief, an award of

_____

     * Justice Lemons prepared and the Court adopted the opinion
in this case prior to his investiture as a Justice of the
Supreme Court of Virginia.

     ** Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

attorney's fees and costs and injunctive relief.  Victoria M. Frazier ("wife"), the appellant, filed an Answer and Cross-Bill seeking a divorce, equitable distribution relief, an award of attorney's fees and costs and spousal support.  The parties agreed to a division of property.  Upon referral, the commissioner in chancery heard evidence on the issue of spousal support and on wife's request for an award of attorney's fees. A Report was filed recommending a lump sum award of spousal support in the amount of $31,939.20.  Following a hearing on exceptions filed by both parties, the case was referred again to the commissioner by order of the Circuit Court of the City of Portsmouth on September 8, 1998.  The order directed the commissioner to give reasons for the recommendation of a lump sum and the amount awarded, and directed him to amend the recommendation for a lump sum award to provide a reservation to petition for modification.  The commissioner filed a Supplemental Report to the Amended Report on December 3, 1998, wherein he stated that the lump sum amount of $31,939.20 "was adequate to meet the defendant's reasonably foreseeable need" and that the award "is not a modest amount but a significant amount pursuant to the evidence."  The commissioner further recommended that there be no reservation of spousal support for wife, reciting again that the lump sum was "not a modest or small amount" and that he "found no uncertainty in the nature of

-

the factors" upon which he based the lump sum award.  The Report was confirmed, and this appeal followed.

The parties were married on July 27, 1974.  They had two children, both of whom were over the age of eighteen when this suit for divorce was filed.  The parties separated when husband left the marital residence in 1990.  At the time of the commissioner's hearing, husband was forty-seven years old and had been employed since October of 1996 by Science Applications International Corporation (SAIC), a United States Navy contractor.  Prior to that, he worked for Allied Technology Group.  His earnings were $45,999 per year, or gross earnings of $3,833 per month, with SAIC.  Husband has a Bachelor of Arts degree in sacred music, and has worked as a minister of music and music teacher in addition to his other employment.

At the time of the hearing, wife was forty-one years old and worked full-time as a secretary at Commonwealth Propane.  Her annual earnings were $15,949.  Her hourly wage was roughly $7.20, and her gross monthly wages were $1,334.  She has a high school degree, and was the primary caregiver of the children while husband worked.  Her employment history consists of being a secretary and a real estate agent.  The evidence showed both parties to be in good health.

After husband moved from the residence, he continued to pay certain household bills.  Husband supported wife for seven years after their separation by paying the mortgage and the utilities.

-

According to wife, the mortgage was $653 per month and the utilities were approximately $250 per month. Husband paid $11,000 in marital debt after separation. Furthermore, husband, in addition to the mortgage and utilities, made payments to wife between $100 and $200 per week for a number of years following the separation. Husband received his clothes, books, a stereo, guitar and some recordings. Wife received the remaining contents of the house valued at $10,000, and the marital residence. Each party introduced expense summaries into evidence. Husband claimed monthly expenses of $2,658 and net monthly earnings of $3,064. Expenses totaling $918 were for mortgage and utilities at the former marital residence, which would become the responsibility of the wife pursuant to the parties' agreement concerning the real estate. Husband testified that the real estate is in need of repairs and had been offered unsuccessfully for sale. Husband drives a 1983 Chevrolet Cavalier.

Wife listed expenses totaling $2,307, which included the mortgage and utilities for the residence, which she would be assuming. She had net monthly earnings of $1,001.22, leaving a monthly deficit of $1,305.78. Wife drives a 1997 Chevrolet Camaro. She requested $1,000 per month in spousal support.

With an award of spousal support, "the law's aim is to provide a sum for such period of time as needed to maintain the spouse in the manner to which the spouse was accustomed during

-

the marriage, balanced against the other spouse's ability to pay." Blank v. Blank, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990). Prior to amendment effective July 1, 1998, "Code § 20-107.1 provide[d] that the trial court, in its discretion, may decree that maintenance and support of a spouse be made in periodic payments or in a lump sum award, or both."[1] Id. at 4, 389 S.E.2d at 724. "In determining the appropriateness and amount of a lump sum award, trial courts must consider, in conjunction with those facts specified in Code § 20-107.1, the recipient spouse's need for such an award." Kaufman v. Kaufman, 12 Va. App. 1200, 1205, 409 S.E.2d 1, 4 (1991). "Although a lump sum award that satisfies present and contingent needs of the parties is within the discretion of the trial judge, many courts have concluded that periodic spousal support is the preferred form of payment, not favoring lump sum support awards because such awards usually are considered final and not modifiable." Blank, 10 Va. App. at 5, 389 S.E.2d at 725 (citations omitted); see also Thomas v. Thomas, 217 Va. 502, 229 S.E.2d 887 (1976) (trial court erroneously limited its award to two years where the record contained no evidence that one

---

[1] The amendment added that payment could be "periodic payments of defined duration"; however, the General Assembly further provided that "the provisions of this act shall apply only to suits for initial spousal support orders filed on or after July 1, 1998, and suits for modification of spousal support orders arising from suits for initial support orders filed on or after July 1, 1998." Acts 1998. c. 604, c. 12. The amendments do not apply to this case which was filed in 1996.

-

spouse's needs or the other spouse's ability to provide for those needs would substantially change within the immediate or reasonably foreseeable future).  In Kaufman, we stated:

> Generally, when courts do make lump sum spousal awards they do so because of special circumstances or compelling reasons, such as a payor spouse's future unwillingness or potential inability to pay periodic payments, or a payee spouse's immediate need for a lump sum to maintain herself or himself or satisfy debts.  Blank, 10 Va. App. at 5, 389 S.E.2d at 725.  Moreover, unlike periodic spousal support payments which are subject to modification upon a future change in circumstances, a lump sum award is a fixed obligation to pay a sum certain when the decree is entered whether payable immediately or in deferred installments.  "Thus, the right to the amount, whether payable immediately or in installments is fixed and vested at the time of the final decree and the amount is unalterable by [trial] court order, remarriage, or death."  Mallery-Sayre v. Mallery, 6 Va. App. 471, 475, 370 S.E.2d 113, 115 (1988).  It necessarily follows that where the right of the recipient spouse to the amount of the lump sum is fixed and vested, the obligation of the payor spouse is also fixed and such spouse may not be relieved of it upon a change in circumstances or by the remarriage or death of the recipient spouse.  Consequently, a court's selection of the method of awarding spousal support has considerable significance beyond the mere amount of the award.

12 Va. App. at 1205-06, 409 S.E.2d at 4.  "A lump sum award based on evidence showing special circumstances or compelling reasons may be final if fully adequate to meet the payee spouse's reasonably foreseeable needs."  Blank, 10 Va. App. at

-

6-7, 389 S.E.2d at 726.  Therefore, we will uphold a lump sum award "where the record clearly reflects the court's rationale for finding that the award will adequately provide for contingencies."  Id. at 5, 389 S.E.2d at 725 (citations omitted).

As in Blank, supra, "the record does not support a conclusion that [wife's] future needs and circumstances are reasonably foreseeable so that the award, when considered in connection with [her] other property and circumstances, will be adequate to meet her needs, regardless of a change in circumstances."  Id. at 8, 389 S.E.2d at 727.  Pursuant to the trial court's decree and the parties' property agreement, wife received the marital home and everything within it.  According to the evidence, wife has lived and will continue to live in the marital residence.  She did not, therefore, need a lump sum of money to acquire a new residence.  See Kaufman, 12 Va. App. at 1207, 409 S.E.2d at 4-5.  Furthermore, there was no evidence that wife was going to change her profession or intended to return to school and needed a lump sum to finance her education.  There was evidence of outstanding debts, including a credit card balance of $2,776, mortgage payments of $653 per month[2] and

---

[2] At trial, husband testified that in 1984 the house was purchased for $73,000 and has since been refinanced twice.  The parties stipulated that the equity in the house was minimal, but no amount was given as to its value or the pay-off left on the mortgage.  Husband's attorney tried to introduce that evidence but there was an objection to it by wife's attorney.  Husband's

-

monthly car payments of $329 pursuant to a lease.  The record, however, does not indicate that husband is likely to be unwilling or unable to pay periodic spousal support.  On this record, there are no special circumstances or compelling reasons for wife to receive a lump sum award in lieu of periodic spousal support.

Because the refusal to reserve spousal support was predicated upon the erroneous lump sum award in lieu of periodic spousal support, it was error as well.

The award of lump sum spousal support in lieu of periodic spousal support is reversed and the portion of the decree denying reservation of spousal support is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

<u>Reversed and remanded</u>.

---

attorney agreed with wife's attorney.  The commissioner and counsel then went off the record, and no further evidence on that matter was admitted.  At the conclusion of the hearing, the commissioner stated that he would not consider the house in the determination of spousal support.

-