COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Felton and Senior Judge Willis


JOSEPH E. BECK, III
                                    MEMORANDUM OPINION*
v.   Record No. 1724-02-2              PER CURIAM
                                     AUGUST 26, 2003
STACEY WESTWOOD, F/K/A
 STACEY A. BECK


            FROM THE CIRCUIT COURT OF HANOVER COUNTY
                    John R. Alderman, Judge

            (Joseph E. Beck, III, pro se, on briefs).

            (Barbara S. Picard; Cawthorn, Picard & Rowe,
            P.C., on brief), for appellee.


     Joseph E. Beck, III, (husband) appeals an order of the trial

court denying his motion for a reduction and/or termination in

spousal support.  Husband argues the trial court's ruling was

plainly wrong and without evidence to support it.  Upon reviewing

the record and briefs of the parties, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the decision

of the trial court.  See Rule 5A:27.

                          BACKGROUND

     The parties' final divorce decree was entered on September

21, 1998.  On April 12, 1999, the trial court entered a decree

addressing the equitable distribution of the parties' marital

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

assets and child and spousal support. In that order, the trial court did not award wife spousal support but provided that wife would receive a reservation of spousal support. The order awarded wife monthly child support payments of $1,027.20.

Stacey Westwood (wife) appealed the order to this Court. We issued an unpublished opinion remanding the case to the trial court for reconsideration of the issue of spousal support. In that opinion, we held that the record failed to show that wife had "income sufficient to meet her needs or to provide the basic necessities." Beck v. Beck, Record No. 1082-99-2, slip op. at 18 (Sept. 19, 2000). Wife has a master's degree in business administration, but she did not work outside the home, and she provided nearly 100% of the non-monetary contributions to rearing the parties' three children, who were all below school age at that time. We concluded that the trial court erred in not awarding wife spousal support "in an amount at least equal to that necessary to pay child care expenses that would enable wife to seek employment." Id. at 19. The opinion also affirmed the trial court's ruling to impute $50,000 in annual income to husband because he was voluntarily under-employed.

On February 16, 2001, the trial court entered an amended order awarding wife spousal support in the amount of $1,400 per month nunc pro tunc to November 1, 1998. The order also adjusted husband's monthly child support payment "to account for the spousal support award." In September 2001, husband filed a motion

-

for reduction and/or termination of spousal support based on a material change in his financial circumstances.

On January 31, 2002, the trial court held a hearing on husband's motion. The hearing was not transcribed. The written statement of facts indicates that wife testified she is not currently seeking employment and she is attending a university working toward a masters degree in secondary education. Wife also stated that she has held several part-time jobs since the parties' divorce.

Husband testified that "shortly after" June 1998, he purchased a business for $1,000,000 and that he started a "new company" in 1999. The new company was "put into involuntary bankruptcy" in July 2000, and husband now works for "JSJ Design," a limited liability company owned by his current spouse. Husband testified that he did not know the gross income or the expenses for JSJ Design, except that it has a monthly "rent" payment of $1,000. The written statement of facts includes no information about husband's current income. However, in his October 8, 2001 deposition, husband stated that he was not earning a salary from JSJ Design because the company could not afford to pay him. Husband's spouse works part-time for JSJ Design. Husband also testified that he and his current spouse have a monthly mortgage payment of $1,500, a monthly home equity loan payment of $300 per month, and two car loan or lease payments totaling $782 per month.

-

The trial court ruled that husband showed no material change in circumstances sufficient to reduce the spousal support award.

ANALYSIS

A party seeking modification of spousal support pursuant to Code § 20-109, bears the burden of proving "both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). "The material change 'must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay.'" Street v. Street, 25 Va. App. 380, 386, 488 S.E.2d 665, 668 (1997) (en banc) (citation omitted). In addition, "[t]he material change in circumstances must have occurred after the most recent judicial review of the award . . . ." Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997). "The determination whether a spouse is entitled to [a reduction or increase in spousal] support, and if so how much, is a matter within the discretion of the [trial] court and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).

Husband asserts that the following circumstances have changed justifying a reduction or termination of the spousal support award: the children now attend school full-time, thus reducing potential child care costs; wife is not seeking employment; and he pays 90% of his monthly income in support payments based on the

-

imputed income figure of $50,000 per year.  He also argues that since wife has only worked several part-time jobs and is not seeking employment, very little of the spousal support award has been used for child care expenses.

The evidence showed that wife is attending school and is not employed.  Although the children are also now attending school, the spousal support award was not established for the sole purpose of paying for child care expenses.  Rather, as we stated in the opinion in Record No. 1082-99-2, in awarding spousal support, "'the law's aim is to provide a sum for such period of time as needed to maintain the spouse in the manner to which the spouse was accustomed during the marriage, balanced against the other spouse's ability to pay.'"  Beck, Record No. 1082-99-2, slip op. at 17 (quoting Blank v. Blank, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990)).  We held only that wife should receive spousal support "in an amount at least equal to that necessary to pay child care expenses that would enable wife to seek employment." Id., slip op. at 19.  We did not state that the award was solely to be used to pay child care costs.

Wife remains unemployed, but is working toward an advanced degree.  Husband's obligation to maintain wife in the manner to which she was accustomed during the marriage continues. Furthermore, in the February 16, 2001 order, the trial court reduced husband's child support payment to account for the spousal support award.

-

Moreover, husband has failed to show any material change in his financial circumstances. The spousal support award was established in the February 16, 2001 trial court order. The financial circumstances cited by husband--the bankrupt business, the acquisition of a mortgage and home equity loan--occurred prior to the award of spousal support. Furthermore, the spousal support award was also based on the imputation of $50,000 in annual income to husband, which was affirmed by this Court. Thus, husband's assertion that he receives no income from JSJ Design is of no consequence.

Accordingly, we find the trial court did not abuse its discretion in denying husband's motion for a reduction and/or termination in spousal support.

<u>Affirmed.</u>

-