COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, McClanahan and Petty
Argued at Salem, Virginia


RANDY L. SHOWALTER

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2794-07-3                      JUDGE WILLIAM G. PETTY
                                                       FEBRUARY 17, 2009
LINDA L. SHOWALTER


              FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                         John J. McGrath, Jr., Judge

              Danita S. Alt (Dana J. Cornett, Guardian *ad litem* for the minor
              children, on brief), for appellant.

              Sherwin John Jacobs for appellee.


       Randy Showalter, husband, appeals from the trial court's order determining child custody,

spousal support, and the equitable distribution of the marital estate.  On appeal, husband argues that

the trial court abused its discretion in granting wife, Linda Showalter, custody of the parties'

youngest child.  Second, he contends that the trial court abused its discretion by awarding wife $800

per month in spousal support.  Third, husband maintains that the trial court erred in the equitable

distribution of the marital estate.[1]  For the reasons explained below, we affirm the trial court's order.

                                              I.

       Because the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Husband presents several other questions to this Court, but, as this opinion explains,
those questions were procedurally defaulted.

We view those facts and incidents, and all reasonable inferences flowing therefrom, in the light most favorable to wife, the party prevailing below. Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). "That principle requires us to 'discard the evidence' of [husband] which conflicts, either directly or inferentially, with the evidence presented by [wife] at trial." Id. (quoting Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002)). On appeal, we "do[] not retry the facts, reweigh the preponderance of the evidence, or make [our] own determination of the credibility of the witnesses." Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997). Rather, "where, as here, the court hears the evidence *ore tenus*, its findings are entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support" them. Alphin v. Alphin, 15 Va. App. 395, 399, 424 S.E.2d 572, 574 (1992).

## II.

### A. Child Custody

The parties were married in 1978 and separated on December 31, 2004. The parties had three children during the marriage, all of whom are under the age of eighteen. The trial court awarded custody of the two oldest children to husband and custody of the youngest child to wife. On appeal, husband argues that the trial court erred by granting custody of the parties' five-year-old daughter to wife. Husband contends that the "evidence was overwhelming and undisputed" that wife's emotional and mental health issues made her "unfit" to have custody of their youngest child. We conclude that the trial court did not abuse its discretion in awarding custody of the child to wife.

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990). A trial court's determination of the children's best interests is not

reversible on appeal unless the trial court abuses its discretion in making that determination, or the decision lacks supporting evidence. See M.E.D. v. J.P.M., 3 Va. App. 391, 398, 350 S.E.2d 215, 220 (1986). Here, the trial court carefully weighed the evidence regarding the children's custody and, while it agreed that husband should have custody of the two older children, the court determined that the five year old "thrived" in wife's care and concluded that there was simply no reason to change custody at the time of the hearing. We cannot say on this record that the trial court abused its discretion. Accordingly, we affirm.

## B. Spousal Support

The trial court awarded wife $800 per month spousal support. On appeal, husband first contends that the trial court made an error of law by not providing adequate written findings of fact to support its spousal support award pursuant to Code § 20-107.1(F). Husband did not present this argument to the trial court and, thus, did not preserve it for appeal; therefore, this argument is procedurally defaulted. See Rule 5A:18. Second, husband contends that the trial court abused its discretion in awarding spousal support because wife's "negative contributions . . . costs [sic] the parties significant sums of money."

"Whether and how much spousal support will be awarded is a matter of discretion for the trial court." Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998). "In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion. We will reverse the trial court only when its discretion is plainly wrong or without evidence to support it." Moreno, 24 Va. App. at 194-95, 480 S.E.2d at 794. Husband explains that wife suffered from a "hoarding/spending disorder" that caused her to "spend[] money right and left to acquire things that filled the house and buildings and [that] according to the evidence had no or little value." Moreover, husband charges that wife failed to clean the marital home or care for the children, and reasons that "[i]f [wife] was not going to take

care of the children, she could have worked and made money for the well being of the family." The trial court acknowledged these facts in making its determination. The court also noted husband's income of approximately $50,000 per year, and wife's educational background and history of mental health difficulties. The trial court imputed income to wife of $14,500 per year. Here, the trial court was cognizant of the facts of the case and made a reasonable award of spousal support based on those facts and controlling law. We cannot say that the trial court abused its discretion, and we will not disturb its spousal support determination on appeal.

C. Equitable Distribution

We will affirm an equitable distribution award on appeal "unless it appears from the record that the trial judge has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict . . . ." Blank v. Blank, 10 Va. App. 1, 9, 389 S.E.2d 723, 727 (1990). "Because the trial court's classification of property is a finding of fact," we will not reverse it "on appeal unless it is plainly wrong or without evidence to support it." Ranney v. Ranney, 45 Va. App. 17, 32, 608 S.E.2d 485, 492 (2005).

Classification of Chestnut Hill Farms Corporation

Here, husband argues that the trial court erred by finding that his shares of Chestnut Hill Farms Corporation stock were marital property. As the trial court noted:

> The attorneys tried their best to reconstruct the record of the
> acquisition of property and the values of the property at the time of
> the hearing. However, in spite of their best efforts, the paper
> record is extremely difficult to reconstruct. . . . In short, much of
> the valuation and classification of the marital and separate property
> had to be based on an incomplete paper record and fuzzy and
> conflicting testimony about transactions that occurred years ago.

While this difficult-to-follow and often-incomplete record does establish that at least partially separate property was transferred into the corporation, husband did not meet his burden to trace

- 4 -

that separate property. See Gilman v. Gilman, 32 Va. App. 104, 122, 526 S.E.2d 763, 772 (2000). Accordingly, we agree with the trial court that the Chestnut Hill Farms Corporation stock is marital property.

Husband, along with two of his siblings, purchased land from his grandfather in 1974, which they operated as a farm. While they placed a substantial down payment on the land, they also took out a loan. The loan was paid off in 1979, one year after the parties in this case were married. In 1980, the siblings decided to incorporate the farm as Chestnut Hill Farms Corporation (Chestnut Hill). The new corporation was capitalized with the farm's assets, including the land, and husband received a third of the corporation's stock in exchange for his interest in those assets. This exchange took place during the parties' marriage. Some time later, husband and his brother bought their sister's share in the corporation leaving each brother with one-half of the corporation's stock. In 2000, husband and his brother acquired a second tract of land. This land was partially inherited from their mother, and partially purchased by the brothers from their other siblings. In 2003, the brothers transferred this second tract of land to Chestnut Hill.

Property acquired during a marriage is presumptively marital property, unless shown to be separate property. Code § 20-107.3(A)(2)(iii); see also Lambert v. Lambert, 6 Va. App. 94, 99, 367 S.E.2d 184, 187 (1988). The equitable distribution statute defines "marital property" as "all . . . property acquired by each party during the marriage which is not separate property." Code § 20-107.3(A)(2)(iii). Separate property, on the other hand, is property acquired before the marriage. Code § 20-107.3(A)(1). A party may prove that property acquired during the marriage is separate property if he or she can prove by a preponderance of the evidence that the property was acquired "for or from the proceeds of the sale of separate property" or was received

by inheritance or gift to the spouse claiming it as separate property.  See id.; see also Courembis v. Courembis, 43 Va. App. 18, 34, 595 S.E.2d 505, 513 (2004).

Code § 20-107.3 recognizes a third category of property:  hybrid property.  See Rahbaran v. Rahbaran, 26 Va. App. 195, 205, 494 S.E.2d 135, 140 (1997).  Hybrid property is created when, *inter alia*, "marital property and separate property are commingled into newly acquired property resulting in the loss of identity in the contributing properties."  Code § 20-107.3(A)(3)(e).  If "the contributed property is not retraceable by a preponderance of the evidence and was not a gift [to the spouse claiming it as separate property]" the Code deems "the commingled property . . . transmuted to marital property."  Id.  Thus, "[w]hen a spouse commingles separate and marital [property] into a single [asset] created during the marriage, the spouse claiming a separate share must shoulder the burden of tracing.  If he cannot do so, the [asset] remains wholly marital."  Robbins v. Robbins, 48 Va. App. 466, 478, 632 S.E.2d 615, 621 (2006) (citation omitted).

Here, husband owned real property prior to his marriage—subject to a mortgage—and used marital funds to make mortgage payments on the land for about a year after the parties' marriage.  When husband and his siblings decided to incorporate the farm and fund the corporation with the farm's assets, husband took property that was partly separate and partly marital—the land that he had partly acquired before his marriage and that he had partly paid for with marital funds—and commingled it into a new asset:  the corporate stock.  Later, husband and his brother partially inherited and partially purchased another tract of land that was also transferred into the corporation.

While the trial court noted that husband traced partially separate property into the corporation (i.e., property that he had mostly paid for before his marriage and property that he had acquired—in part—by inheritance), he did not meet his burden to retrace the property by a

preponderance of the evidence. Here, husband apparently failed to realize that the asset at issue before the trial court was not the *land* that he partially purchased prior to his marriage, or land that he partially inherited and partially purchased during the marriage, but the *corporate stock*. When husband transferred his land into the corporation, the land was no longer part of the marital estate. It ceased to exist as an asset owned by either of the parties. Instead, the land became the property of a separate entity—Chestnut Hill. Husband received stock in exchange for the first tract of land, and, presumably, the transfer of the second tract of land into the corporation increased the value of the stock. However, the corporate stock was a new asset that came into being, and into husband's possession during the marriage.

Husband simply did not provide enough evidence to allow the trial court to determine what part, if any, of the corporate stock was separate property. The record does not indicate the values of the tracts of land at the time that they were acquired, the amount of the mortgage on the first tract of the land, the increase in equity in the first tract of land due to marital funds being used to pay down the mortgage loan, the portion of the second tract of land that was purchased with marital funds, or the value of the tracts of land at the times they were respectively transferred into the corporation.

To classify part of the corporate stock as separate, the trial court would have had to speculate because husband did not meet his burden to trace out his separate interest in the corporate stock by a preponderance of the evidence. Thus, in light of the statutory presumption, the trial court had no choice but to classify this property as marital. Stainback v. Stainback, 11 Va. App. 13, 17, 396 S.E.2d 686, 689 (1990). Accordingly, we affirm.

- 7 -

Questions Defaulted Under Rule 5A:20(e)[2]

As appellant, husband has the burden on appeal to show that the trial court committed reversible error. Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Part of that burden includes presenting "[t]he principles of law, the argument, and the authorities relating to each question presented . . ." in his opening brief. Rule 5A:20(e). We have held that mere unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992); nor will this Court "search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id.

Husband failed to support his arguments for the following questions presented, and we deem these failures to be significant.

Valuation

Husband argues that "the trial court erred in finding the corporation had a balance of $23,000 at the time of the separation of the parties when the undisputed testimony was there were bills outstanding to be paid including a feed bill of $13,000" and that "the [trial] court erred in determining that the farm equipment had a value of $62,000 as there was no testimony to that effect." These questions presented are procedurally defaulted. Rule 5A:20(e) requires a party seeking the reversal of a trial court's order to include "[t]he principles of law, the argument, and

_____

[2] We "may . . . treat a question presented as waived" when we determine that "a party's failure to strictly adhere to the requirements of Rule 5A:20(e) is significant . . . ." Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008) (quoting Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008)) (internal quotation marks omitted). We determine that husband's failure to support his assertions with legal argument is a significant violation of Rule 5A:20(e) because unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). As we recently said in Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008), "[a]ppellate courts are not unlit rooms where attorneys may wander blindly about, hoping to stumble upon a reversible error. If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."

the authorities relating to each question presented" in his brief. Here, husband provides no legal support for either argument. Accordingly, we will not address them on appeal.

## Distribution

Husband argues that the trial court abused its discretion when it determined that wife was entitled to 36.3% of the marital estate. Husband argues that this distribution was inequitable because he worked on the parties' farm and cared for the children while, he alleges, wife "spent recklessly and needlessly on things of no value that she hoarded" and failed to cook, clean, or care for the children. Husband, however, provides no legal argument to support his assertion that the trial court abused its discretion. Rule 5A:20(e) requires a party seeking the reversal of a trial court's order to include "[t]he principles of law, the argument, and the authorities relating to each question presented" in his brief. Because husband failed to do so, we will not address this argument on appeal.

## Best Evidence Rule

Husband maintains that the trial court "erred in finding the appellee signed and was personally obligated on debts of Chestnut Hill when the best evidence is the documents and she presented none to that effect." Husband did not make any legal argument regarding the best evidence rule in his brief. Therefore, we will not address this argument on appeal. Rule 5A:20(e).

## Trial Court's Failure To Accept Husband's Legal Argument

Husband argues that the trial court's judgment should be reversed because it

> erred in finding that the appellant conceded that the corporation
> and the assets were marital property when the court at a loss for
> how to do equitable distribution asked counsel to brief this issue
> which only counsel for the appellant did and then the court failed
> to follow the law as set forth in that brief [sic].

Once again, husband failed to provide any legal argument to support his assertion. Rule 5A:20(e).

### Questions Defaulted Under Rule 5A:20(c) and Rule 5A:18

According to Rule 5A:20(c), the appellant's brief must contain a "statement of the questions presented with a *clear and exact* reference to the page(s) of the transcript, written statement, record, or appendix where each question was preserved in the trial court." (Emphasis added). Rule 5A:18 states in pertinent part, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ."

The record does not reflect two of the rulings to which husband assigns error. First, husband argues that "the court erred in determining that all of the real estate acquired both before and after the marriage was marital property." Second, husband contends that "the court erred in finding that the appellant intended to gift his inheritance to the appellee when there was no such evidence to that effect and the corporation was set up so that the appellee had no interest in the corporation at all." These arguments are belied by the trial court's factual finding that the parties' real estate was transferred into Chestnut Hill. The trial court then determined the nature of the parties' share of the Chestnut Hill stock as discussed *supra*. Because these rulings do not exist, we are at a loss to determine how precisely husband preserved these questions for review. Further, husband's opening brief indicates that these issues were preserved at transcript pages 23-261 and 167-238—hardly the "clear and exact reference" required by Rule 5A:20(c). It is not this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [husband's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*). Accordingly, we will not address these questions presented.

III.

For the reasons discussed above, we affirm the trial court's order.

Affirmed.