FRANK, Judge.
Alice C. Barrs, wife, appeals a decision of the trial court reducing her spousal support from $8,000 per month to $6,000 per month. On appeal, she contends the trial court erred (1) *504 in not granting her Motion for Summary Judgment; (2) in finding there has been a material change in circumstances; and (3) in denying her request for attorney’s fees. For the reasons stated, we reverse in part and affirm in part.
BACKGROUND
The facts are essentially uncontroverted.
Husband and wife were divorced in 1995. The final decree, entered August 25, 1995, awarded wife $1,248,870 as the marital award, with $248,870 payable on or before December 31, 1995, and thereafter $100,000 per year for ten years with interest at 9%. In addition to the annual installments of $100,000, wife received the following interest payments: 1996, $90,000; 1997, $81,000; 1998, $63,000; 1999, $54,000; 2000, $45,000; 2001, $36,000; 2002, $72,000; 2003, $27,000. The total principal and interest paid under the marital award was $1,516,870. The final decree also awarded wife $8,000 per month as spousal support.
Wife has suffered from multiple sclerosis since 1974. The disease is marked by balance and coordination problems, fatigue, seizures, and progressive diminution of intellectual capacity. As the illness progresses, she will need “assisted living.”
During the marriage, the parties enjoyed quite a high standard of living, extensive vacations, a large waterfront house, a boat, and other indicia of financial success. At the time of the divorce, husband earned $250,000 per year. Wife was unemployed.
In 2003, husband filed a “Notice and Motion to Terminate or Amend Spousal Support.” Wife filed an answer alleging, inter alia, that she continued to need spousal support “as her financial requirements have changed dramatically.” After extensive discovery, wife filed a motion for summary judgment. The trial court conducted a number of hearings on the various motions, and denied the motion for summary judgment on February 19, 2004, implicitly ruling there were genuine issues of fact in dispute.
*505 Husband conceded at the April 1, 2004 hearing that he has the ability to pay the current award of spousal support.
Wife testified she had diminished her standard of living. She sold her large waterfront home in favor of a smaller apartment. She reduced her travel, partially because of her illness. Wife further testified the progressive and debilitating nature of her illness would ultimately require her to live in an assisted living facility. However, she had no immediate plans to do so. The trial court opined that wife is not “living beyond the standard of living established during the marriage.”
At the hearing, husband argued the material change in circumstances was that wife now has $60,000 annual passive income and her net worth exceeds $1.6 million that she did not have in 1995. Wife responded by asserting that when the original marital award was made in 1995, the trial court, at that time, knew the $1,248,870 award would generate passive income. Interest the first year was $90,000.
Wife also asked for attorney’s fees, which the trial court denied. Wife proffered the fees would be $13,658.66.
For the purposes of appeal, wife concedes in her brief that her current monthly expenses are $9,752. Her passive income is $5,203 per month. Husband’s expert witness, Michael Mares, CPA, testified wife would only need $6,000 spousal support per month to pay her current monthly expenses, without requiring her to invade the principal of her investments.
The trial court found a material change in circumstances and, following Mr. Mares’ testimony, reduced spousal support to $6,000 per month, concluding:
So I do find there is a material change in circumstances. I believe that one thing, we have Mrs. Barrs’ passive income, unearned income I should say of $5,200 a month. That’s a difference] since the last support order. And I have considered the factors listed in 20-107.1, I’m obligated to consider those, which in Factor No. 1, the obligations, needs and financial resources of the parties, including but not limited to the income from pension, profit sharing or *506 retirement plans, of whatever nature; No. 2, the standard of living established during the marriage, and No. 8, the provisions made with regard to the marital property under 20-107.3.
ANALYSIS
I. CHANGE IN CIRCUMSTANCES
Wife contends the trial court erred by finding there has been a material change in circumstances since the final decree of 1995. More narrowly, the issue is whether wife’s receipt of $5,203 per month as passive income from the principal of the equitable distribution award is such a change in circumstances.
“Upon petition of either party, a court may ... [modify] ... spousal support ... as the circumstances may make proper.” See Code § 20-109. “The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support.” Schoenwetter v. Schoenwetter, 8 Va.App. 601, 605, 383 S.E.2d 28, 30 (1989); Furr v. Furr, 13 Va.App. 479, 481, 413 S.E.2d 72, 73 (1992); see also Blank v. Blank, 10 Va.App. 1, 4, 389 S.E.2d 723, 724 (1990) (holding that spousal support must be redetermined if necessary in light of new circumstances). The material change in circumstances must have occurred after the most recent judicial review of the award, see Hiner v. Hadeed, 15 Va.App. 575, 577, 425 S.E.2d 811, 812 (1993), and “must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay.” Hollowell v. Hollowell, 6 Va.App. 417, 419, 369 S.E.2d 451, 452 (1988). “The ‘circumstances’ which make ‘proper’ an increase, reduction or cessation of spousal support under Code § 20-109 are financial and economic ones.” Id. at 419, 369 S.E.2d at 452-53.
On appeal, the trial court’s findings must be accorded great deference. See Bandas v. Bandas, 16 Va.App. 427, 432, 430 S.E.2d 706, 708 (1993). “In determining whether *507 credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of witnesses.” Wagner Enters., Inc. v. Brooks, 12 Va.App. 890, 894, 407 S.E.2d 32, 35 (1991). “We will not disturb the trial court’s decision where it is based on an ore tenus hearing, unless it is ‘plainly wrong or without evidence in the record to support it.’ ” Furr, 13 Va.App. at 481, 413 S.E.2d at 73 (quoting Schoenwetter, 8 Va.App. at 605, 383 S.E.2d at 30).
Moreno v. Moreno, 24 Va.App. 190, 195, 480 S.E.2d 792, 794-95 (1997).
Thus, the moving party has to prove: (1) a material change in circumstances; and (2) the change warrants a modification.[1] Our inquiry then is whether the trial court’s finding that wife’s receipt of the $5,203 passive income was a material change in circumstances is “plainly wrong and without evidence to support it.”
Husband relies on the facts of Moreno to support his position that there is a material change in wife’s circumstances. In Moreno, husband filed a motion to terminate spousal support, and argued, in part, that his retirement created a change in financial circumstances that adversely impacted his ability to meet his spousal support obligation. 24 Va.App. at 193, 480 S.E.2d at 794. The Court engaged in a lengthy discussion of the relationship between Code §§ 20-107-1 (equitable distribution) and 20-107.3 (spousal support), and determined that the trial court properly reduced the husband’s spousal support obligation based upon a change in husband’s financial circumstances. Id. at 205-06, 480 S.E.2d at 800. The facts in Moreno involved husband’s income from a pension, his voluntary retirement to Thailand, and his prohibition from working in that country. Because Moreno did not address whether interest from a marital award was foresee *508 able, we find no guidance from Moreno in resolving the narrow issue presented by this appeal.
The uncontroverted evidence is that when the trial court entered the final decree, wife was awarded $1,248,870 as her share of the marital estate, to be paid in installments. The first payment of $248,870 was due and payable on or before December 31, 1995. The remainder was payable $100,000 per year for 10 years at an interest rate of 9% per year. Pursuant to Code § 20-107.3, the trial court then awarded $8,000 per month as spousal support.
The trial court, citing Rowe v. Rowe, 24 Va.App. 123, 480 S.E.2d 760 (1997), correctly stated that it “must consider the ... income generating potential of the marital award as well as the marital award as well as any other income and expenses generated by the equitable distribution award.” While we agree with the trial court’s analysis, the facts show that the original equitable distribution award would clearly generate a steady and foreseeable stream of income for wife. Code § 20-107.1 requires a fact finder to consider the “provisions made with regard to the marital property under Code § 20-107.3.” Thus, an award of spousal support must be made in light of the financial result of the equitable distribution award. Gamble v. Gamble, 14 Va.App. 558, 577, 421 S.E.2d 635, 646 (1992).
The trial court, by virtue of its own order, knew wife would receive $248,870 within four months of the award of spousal support. The trial court also knew that in addition to the $100,000 per year principal payments, wife would receive interest payments as follows:
1996: $90,000
1997: $81,000
1998: $63,000
1999: $54,000
2000: $45,000
2001: $36,000
2002: $72,000
*509 2008: $27,000
We therefore conclude, at the time of the 1995 award of spousal support, passive income to the wife in the form of interest on the marital award was foreseeable.
In Srinivasan v. Srinivasan [, 10 Va.App. 728, 396 S.E.2d 675 (1990) ], this Court held that, in setting support awards, a court “must look to current circumstances and what the circumstances will be “within the immediate or reasonably foreseeable future,’ not to what may happen in the future.” [Id. at] 735, 396 S.E.2d [at] 679 (quoting Young v. Young, 3 Va.App. 80, 81-82, 348 S.E.2d 46, 47 (1986)). What is “reasonably foreseeable” depends on the circumstances of the particular case. Thus, when reviewing an appeal from a denial of an increase in support, this Court looks to objective evidence available at the time of the previous award of support in order to assess what increases in expenses might reasonably have been expected. In doing so, we avoid assessing such increases in light of evidence that these increases have, in fact, occurred. “‘[S]pousal support awards must be determined in light of contemporary circumstances and ... redetermined [if necessary] in light of new circumstances.’ ” Blank v. Blank, 10 Va.App. 1, 4, 389 S.E.2d 723, 724 (1990) (quoting Jacobs v. Jacobs, 219 Va. 993, 995, 254 S.E.2d 56, 58 (1979)).
Furr, 13 Va.App. at 482, 413 S.E.2d at 74.
At the time of the modification hearing, wife’s passive income was $5,203 per month, or $62,436 per year. Yet, her passive income, from interest alone, in 1996 was $90,000. It was only in 1999 that her passive income fell below the $62,436.[2]
The trial court’s conclusion that the wife’s receipt of the passive income from the marital award constituted a change in circumstances is plainly wrong.
*510 II. ATTORNEY’S FEES
The trial court denied wife’s request for attorney’s fees. Husband argues that wife’s appeal of this issue is barred by Rule 5A:18 because wife failed to reference any attorney’s fees in her endorsement of the final decree. We find that the issue was preserved.
By wife specifically requesting attorney’s fees in both the May 25, 2004 and June 10, 2004 hearings, wife made her request known to the trial court. Code § 8.01-384(A) provides in pertinent part:
No party, after having made an objection or motion known to the court, shall be required to make such objection or motion again in order to preserve his right to appeal, challenge, or move for reconsideration of, a ruling, order, or action of the court. No party shall be deemed to have agreed to, or acquiesced in, any written order of a trial court so as to forfeit his right to contest such order on appeal except by express written agreement in his endorsement of the order. Arguments made at trial via written pleading, memorandum, recital of objections in a final order, oral argument reduced to transcript, or agreed written statements of facts shall, unless expressly withdrawn or waived, be deemed preserved therein for assertion on appeal.
Having made the oral motion for attorney’s fees in two separate hearings, the wife was not required to restate her position in the final court order in order to preserve this issue for our review. See Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) (“The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.”).
Wife claims that the trial court abused its discretion in not awarding her attorney’s fees. An award of attorney’s fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. Graves v. Graves, 4 Va.App. 326, 333, 357 S.E.2d *511 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. McGinnis v. McGinnis, 1 Va.App. 272, 277, 388 S.E.2d 159, 162 (1985).
While the trial court did not articulate the reasons for denying attorney’s fees, the record reflects that both parties had substantial resources to pay their respective attorney’s fees. See Artis v. Artis, 4 Va.App. 132, 138, 354 S.E.2d 812, 815 (1987).
The trial court found that both sides presented the trial court with arguments supported by the law and evidence. See Jones v. Davis, 43 Va.App. 9, 595 S.E.2d 501 (2004). Under these circumstances, we cannot find the denial of attorney’s fees was an abuse of discretion.
III. DEFAULTED ISSUES
Wife, by hand, endorsed the final July 23, 2004 order as follows:
Seen and objected to as stated to the Court on 11/14/03, 2/19/04, 4/1/04, 5/25/04, and 6/7/04.[3] The evidence faded to show any change of circumstances, which were proper for a change in spousal support. This was the sole issue before the court but we respectfully suggest that the court did not understand the sole issue.
The typed objection read as follows:
HAVE SEEN AND OBJECT TO A FINDING THAT THERE IS A MATERIAL CHANGE OF CIRCUMSTANCES AND THAT A REDUCTION IN SUPPORT IS JUSTIFIED BASED ON THE RECORD AND APPLICABLE LAW.
We find these issues are defaulted.
At the conclusion of the June 10, 2004 hearing, the trial court gave wife’s counsel an opportunity to preserve wife’s “exceptions” for the record. Counsel denied the court’s invita *512 tion, indicating, “I’m just going to say exceptions as noted at trial of the case and so I will rely on those without having to recite them all over again.”
However, wife did not comply with Rule 5A:20(C) which requires, in the opening brief, “a statement of the questions presented with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each question was preserved in the trial court.” Wife only referred to objections stated in four particular hearings without making reference to “the page(s) of the transcript ... record or appendix where each question was preserved in the trial court.” “[W]e will not search the record for errors in order to interpret the appellant’s contention and correct deficiencies in a brief.” Buchanan v. Buchanan, 14 Va.App. 53, 56, 415 S.E.2d 237, 239 (1992).
Wife’s endorsement of the order objecting to the court’s finding that a material change in circumstances has occurred preserved that issue. However, one of the subparts[4] of that issue is defaulted. Because wife did not comply with Rule 5A:20(C), we cannot determine if those issues were preserved pursuant to Rule 5A:18.[5]
CONCLUSION
We find that the trial court erred in concluding that the wife’s receipt of passive income from the marital award consti *513 tuted a change in circumstances. As to that portion of the trial court’s order, we reverse and remand for the trial court to enter an order consistent with this opinion. All other aspects of the court’s order remain in effect.[6]

Affirmed in part, reversed in part.

. The second prong was not argued below nor ruled on by the trial court. This issue was not addressed on appeal. We will not consider this prong. See Rule 5A:20.

. The record does not reflect the passive income from the principal payments.

. There was no hearing on June 7, 2004 — the correct date is June 10, 2004.

. The subpart contends the trial court erred in:
Retroactively imposing a burden upon the appellant to expend all her monthly income from all sources or risk a reduction of spousal support without regard for the appellant’s financial decisions as to lifestyle and long term financial planning.

. Rule 5A: 18:
No ruling of the trial court or the Virginia Workers' Compensation Commission will be considered as a. basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

. Wife also contends that the trial court erred in denying her motion for summary judgment. Because we hold the trial court plainly erred in modifying wife’s spousal support, we need not address wife's earlier summary judgment motion.