# CIRCUIT COURT OF THE CITY OF NORFOLK

Gloria J. Hoy

v.

Gilbert R. Hoy

April 11, 2006

Case Nos. (Chancery) CH05-2278, CH05-2279

BY JUDGE CHARLES E. POSTON

This matter is before the Court upon the parties' appeal from the judgment of the Norfolk Juvenile and Domestic Relations Court reducing spousal support by $250 per month. Today, the Court terminates Mr. Hoy's obligation to pay spousal support to Ms. Hoy as well as his obligation to pay her monthly COBRA insurance payments.

*Facts and Procedural History*

The Plaintiff, Gilbert R. Hoy, and the Defendant, Gloria J. Hoy, were married in the City of Norfolk on June 13, 1981. Although Mr. Hoy adopted Ms. Hoy's daughter by a previous marriage, the marriage produced no children. On December 20, 2000, the parties separated and have lived apart ever since. This Court entered a Final Decree of Divorce on May 19, 2004. That decree, which ratified the Report of the Commissioner in Chancery in its entirety, awarded Ms. Hoy $1,250.00 per month in spousal support and ordered Mr. Hoy to provide her with insurance for a three year period.

Ms. Hoy owns an apartment building in Boston, Massachusetts (the Buswell property), which she rents to university students. During the divorce

proceedings, she testified that, because her brother and mother disputed title to the building in other litigation, the proceeds from that building were being held in an escrow account. As a result, the Court determined that, in imputing income to Ms. Hoy, the Commissioner did not consider the rental proceeds from that building. The Court also noted that, should she acquire clear title to the building, Mr. Hoy was free to petition the Court for a modification or termination of spousal support. Since then, Ms. Hoy has acquired clear title to the property. In the Juvenile and Domestic Relations Court on February 1, 2005, Mr. Hoy sought a reduction or termination of spousal support and a termination of his obligation to pay for Ms. Hoy's medical insurance. The Court reduced the spousal support obligation from $1,250.00 to $1,000.00 per month and denied Mr. Hoy's request to terminate the health insurance payments. Both parties appealed.

Mr. Hoy is a Professor of Physics at Old Dominion University, where he has taught since 1980. In total, he has taught for more than forty-five years. In 2004, he earned $127,270.00 from his employment. He testified that his salary has increased in 2005 and 2006. Moreover, he receives a monthly social security benefit of $2,076.00 per month.

Ms. Hoy receives an ever-increasing amount of rental income from the Buswell property. However, the parties disagree significantly on the amount of income the property produces and the associated expenses that Ms. Hoy has incurred managing the property. She maintains that, in 2005, the property produced $69,698.00 in rents and that she spent a total of $78,408.00 on the property. Thus, she asserts that she lost $8,710.00. In contrast, Mr. Hoy claims that the operating expenses for the Buswell property were only $28,458.00 for 2005 and that, under a proper measure of income, Ms. Hoy should make $6,028.00 per month managing the property.

*Analysis*

## I. *Spousal Support*

"Upon petition of either party the court may increase, decrease, or terminate the amount or duration of any spousal support and maintenance that may thereafter accrue, whether previously or hereafter awarded, as the circumstances may make proper." Va. Code Ann. § 20-109(A) (Michie 2004). "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." *Barrs v. Barrs*, 45 Va. App. 500, 506, 612 S.E.2d,

227, 230 (2005) (internal quotations omitted). Only if a material change in circumstances has occurred can the Court consider modification of support.

Virginia courts use the following principles to decide if the moving party has proven a material change in circumstances.

> The material change in circumstances must have occurred after the most recent judicial review of the award and must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay. The "circumstances" which make "proper" an increase, reduction, or cessation of spousal support under Code § 20-109 are financial and economic ones.

*Id.* (internal quotations omitted). Clearly, a material change in circumstances occurred. Ms. Hoy acquired clear title to an apartment building that produces a substantial stream of monthly rents. By her own testimony, this happened since the most recent judicial review, and it is certainly an economic circumstance. Therefore, the Court finds that there has been a material change in circumstances and will now consider whether that change justifies a modification or termination of support.

"The determination [of] whether a spouse is entitled to [a reduction or increase in spousal] support, and if so how much, is a matter within the discretion of the [trial] court and will not be disturbed on appeal unless it is clear that some injustice has been done."[1] *Pappas v. Pappas*, No. 2351-03-4, 2004 Va. App. LEXIS 391, at *5 (Va. App. Aug. 17, 2004) (*quoting Dukelow v. Dukelow*, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986) (alterations in original). In setting the support award, "The court must look to current circumstances and what the circumstances will be within the immediate or reasonably foreseeable future." *Srinivason v. Srinivason*, 10 Va. App. 728, 735, 396 S.E.2d 675, 679 (1990) (internal quotations omitted). The Court must be mindful of the purpose of spousal support. "With regard to how the court shall fashion an award of spousal support, the law's aim is to provide a sum for such period of time as needed to maintain the spouse in the manner to

---

[1] Having found a material change in circumstances, this Court can no longer rely on the previous findings from the original proceeding. "The threshold finding that a material change of circumstance has occurred nullifies the preclusive effect of the court's prior adjudication of support." *Head v. Head*, 24 Va. App. 166, 174, 480 S.E.2d 780, 784 (1997) (*citing Hiner v. Hadeed*, 15 Va. App. 575, 579, 425 S.E.2d 811, 814 (1993) ("In the absence of a material change in circumstance, reconsideration of support that has been previously adjudicated . . . would be barred by principles of res judicata.").

which the spouse was accustomed during the marriage, balanced against the other spouse's ability to pay." *Blank v. Blank*, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990) (*citing Lapidus v. Lapidus*, 226 Va. 575, 580, 311 S.E.2d 786, 789 (1984)). In that light, the Court is "not required to consider [the] wife's separate assets in determining a modification of spousal support[, rather] the wife's income is instead the critical issue." *Allison v. Allison*, No. 1516-95-4, 1996 WL 174643 at *1 (Va. App. April 16, 1996).

Therefore, the Court must determine whether the Buswell property generates sufficient income to support Ms. Hoy. The parties dispute exactly how much rental income the Buswell property earns per month. First, Ms. Hoy proposes that the Court look to the total rents received in 2005 to determine the amount of rental income the property will likely generate in the future. In contrast, Mr. Hoy urges the Court to examine the rental income from the property in October to assess the amount of income the building will produce going forward. The testimony at trial established that Ms. Hoy made substantial capital improvements to the building over the last few years. Because, the apartment building will continue to generate greater income as a result of these improvements, the more recent report of the rents received better gages the income it will produce in the foreseeable future. Ms. Hoy's interrogatory answers indicate that, as of October, the apartments rented for a total of $7,450.00.

Ms. Hoy interrogatory responses indicate that $7,450 would be the total of all rents received, if each apartment were rented, and that all apartments were rented to someone in October. Her responses did not indicate the names of the tenants, just their initials. Although a summary of the rents received in 2005 indicates that the Buswell property only generated $6,000 in rents that month, the Court finds the information in the interrogatory to be more credible and certainly more representative of the amount of income the building will generate in the future as a result of the renovations to the apartments described in Ms. Hoy's other interrogatory answers.

Moreover, her answers also indicate that her daughter lived rent-free in the first floor apartment in October. While Ms. Hoy can certainly choose to let her daughter live in the apartment rent free, she cannot charge her charitable actions to Mr. Hoy, who has no obligation to support Ms. Hoy's twenty-nine-year-old daughter. Therefore, the Court finds that the Buswell property should produce rents of at least $8,400.00 per month. According to Ms. Hoy's interrogatory responses, several of her apartments rented out for $950 per month. The testimony at trial established that the first floor apartment had the highest monthly rent. Therefore, the Court will add $950 to the total to

determine the smallest amount of rents the property would produce, if Ms. Hoy rented out the first floor apartment as well.

The parties also disagree about the proper measure of expenses to associate with the Buswell property. Ms. Hoy contends that the total expenses for 2005 were $78,408.00, while Mr. Hoy asserts they were $28,458.00. The parties' figures are so different because Ms. Hoy's account of expenses includes the cost of capital improvements and corresponding labor while Mr. Hoy's total does not. Obviously, Ms. Hoy contends that the capital expenditures made on the Buswell property ought to be included for the purpose of determining the amount of income she derives from it. Mr. Hoy disagrees.

A capital expenditure is by definition an investment in property that enhances the property's value. Therefore, Ms. Hoy still enjoys the benefit of the capital expenditures she made to the Buswell property in the form of an increase in that property's value. If the Court considered the capital expenditures in determining the income produced by the Buswell property, the Court would essentially force Mr. Hoy to finance Ms. Hoy's re-investment in her property. Mr. Hoy owed Ms. Hoy a duty to support her in the lifestyle to which she became accustomed during the marriage to the extent his income allowed. *Blank*, 10 Va. App. at 4, 389 S.E.2d at 724. Mr. Hoy's obligation does not extend to funding Ms. Hoy's investments. *Id.* Therefore, the Court will not consider the capital and labor expenses in determining the amount of income the property generates. A contrary result would be inequitable, particularly in light of the substantial investment property Ms. Hoy already owns.

The Court finds that the Buswell property should bring in an average monthly income stream of at least $8,400.00. The non-capital expenses associated with that property are $2,371.50 each month. Therefore, the property should produce $6,028.50 of rental income per month, which is well in excess of Ms. Hoy's claimed monthly expenses of $3,854.00 per month (exclusive of the repayment of a loan used to renovate the Buswell property). The Court terminates Mr. Hoy's spousal support obligation effective May 1, 2006, because Ms. Hoy is more than capable of supporting herself from her own assets and abilities.

## II. *Insurance Payments*

Mr. Hoy also seeks termination of his obligation to provide Ms. Hoy with insurance over the three-year period following the divorce. Presently, the cost of that coverage is $395.00 each month. Mr. Hoy contends that this

obligation is a form of spousal support and may therefore be modified or terminated under Virginia Code § 20-109. In contrast, Ms. Hoy maintains that the insurance coverage is a vested property right that she was awarded through equitable distribution in the divorce and is therefore not subject to modification or termination by this Court.

In the final divorce decree, the Court ordered Mr. Hoy "to pay the cost of COBRA coverage for" Ms. Hoy. This decision came after the Court's determination of spousal support but before the Court's holdings on equitable distribution. Therefore, the finding was preceded by a statement that the Court considered all of the factors required for setting support by Virginia Code § 20-107.1 and followed by a statement that the Court considered all of the factors required in Virginia Code § 20-107.3 for dividing marital property. Thus, the Court clearly considered the health insurance payment to be a form of spousal support at the time of the divorce.

The Court agrees with that determination. "Spousal support involves a legal duty flowing from one spouse to the other by virtue of the marital relationship. By contrast, a monetary award does not flow from any legal duty, but involves an adjustment of the equities, rights, and interests of the parties in marital property." *Reid v. Reid*, 7 Va. App. 553, 564, 375 S.E.2d 533, 539 (1989) (internal quotations omitted). In this case, the insurance coverage was an element of Ms. Hoy's monthly expenses. Mr. Hoy had a legal duty to ensure that Ms. Hoy was able to meet her monthly expenses, to the extent Mr. Hoy's income allowed. If Mr. Hoy had not had the COBRA coverage, Ms. Hoy's monthly insurance costs would have been an expense fairly chargeable to Mr. Hoy. Therefore, when Mr. Hoy paid the monthly premium, he was fulfilling his duty to support Ms. Hoy. As a result, the Court finds that the obligation to pay Ms. Hoy's costs for COBRA coverage was spousal support and is therefore subject to modification or termination. Based on the present income Ms. Hoy derives from her rental property, the Court holds that Mr. Hoy's assumption of that burden is no longer necessary and will terminate the obligation as of May 1, 2006.

## Conclusion

The Court will terminate Mr. Hoy's obligation to pay further spousal support as of May 1, 2006, because the Buswell property generates sufficient income to support Ms. Hoy. Because, the Court concludes that the payments for Ms. Hoy's health insurance were also part of Mr. Hoy's spousal support obligation, it will terminate that obligation on May 1, 2006, as well.