COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Haley and Powell
Argued at Alexandria, Virginia

CHARLES WILLIAMS

MEMORANDUM OPINION[*]

v.        Record No. 0511-09-4                              PER CURIAM
                                                          DECEMBER 15, 2009

ANNALISA WILLIAMS

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Frank A. Hoss, Jr., Judge Designate

Charles Williams, *pro se* (Maryse C. Allen; Compton &
Duling, L.C., on brief).

Annalisa Williams, *pro se.*

Charles Williams appeals various issues arising out of a final divorce decree.  His former

wife, Annalisa Williams, raises additional questions for appellate review pursuant to Rule

5A:21(b).  We summarily affirm.

I.  APPELLANT'S QUESTIONS PRESENTED

Counsel for appellant filed an opening brief.  Prior to oral argument, we granted

counsel's motion to withdraw upon her representation that all pleadings, orders, and notices had

been forwarded to appellant.  Appellant failed to appear at the oral argument.  The Court

thereafter entered an order instructing appellant to show cause why his appeal should not be

dismissed or denied for failure to prosecute.  The order stated:

> The Court's records reflect that appellant did not appear at oral
> argument on October 7, 2009 in Alexandria, pursuant to the
> Court's scheduling notice.  With leave of Court, appellant's
> counsel had earlier withdrawn from representing appellant and had
> certified to the Court that all pleadings had been forwarded to
> appellant at his home address.
>
> The Court directs appellant, within ten days of the date of this
> order, to provide to the Court a written statement of his interest, if

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

> any, in pursuing this appeal. This statement should explain his
> absence from oral argument on October 7, 2009, and show cause
> why his appeal should not either be dismissed or summarily denied
> for his failure to prosecute.

Order, No. 0511-09-4 (Oct. 15, 2009). As of the date of this per curiam memorandum opinion, appellant has failed to respond to the show cause order. Because appellant failed to appear at oral argument and failed to respond to the Court's show-cause order, we hold his failure to prosecute amounts to an abandonment of this appeal. See Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962) (recognizing the "inherent power" of courts to discontinue a case for want of prosecution).

In addition, upon a "review of the record and the briefs of the parties," we likewise conclude that appellant's "appeal is without merit" under Rule 5A:27. Appellant's challenge to the child visitation decision implicates a matter within the "broad discretion" of the trial court. See Albert v. Albert, 38 Va. App. 284, 294, 563 S.E.2d 389, 394 (2002). He claims the trial court should have imposed a specific schedule rather than merely provide him with "reasonable visitation" with his children. The trial court, however, concluded the children's best interest would be served — at least initially — by a flexible schedule negotiated by the parents. If that plan fails, the court reasoned, a fixed schedule may then be imposed. Given the unique circumstances of this case, the trial court did not abuse its discretion. Under settled principles, "the trial court is not limited to visitation schemes proposed by the parties but may make its own determination of what will be in the child's best interest." Peter N. Swisher, Lawrence D. Diehl & James R. Cottrell, Family Law: Theory Practice and Forms § 15:9, at 1159 n.16 (2009).

Appellant also challenges the trial court's equitable distribution award as "markedly lopsided." Appellant's Br. at 5. This argument, however, does not take into account the lack of any reliable proof of the extent of the marital mortgage debt or the terms governing its collectibility, appellant's retention of his landscaping business, or any of the additional factors

considered by the trial court in its award. In equitable distribution cases, "[w]e have often 'recognized that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." Robbins v. Robbins, 48 Va. App. 466, 481-82, 632 S.E.2d 615, 623 (2006) (citation omitted). Appellant has not presented to us any basis for concluding the trial court abused its discretion in fashioning the equitable distribution award. See Kaufman v. Kaufman, 7 Va. App. 488, 499, 375 S.E.2d 374, 380 (1988) (recognizing that "the burden is upon the party appealing to point out the error in the decree and to show how and why it is wrong").

Finally, appellant asserts the trial court plainly erred in imputing an artificially high income to him and an artificially low income to appellee. The parties, however, presented the trial court with conflicting evidence on their prior incomes, earning capacities, and reasons why they had not reached their earning potential. "The trial court's decision whether to impute income rests within its sound discretion and will be reversed only if plainly wrong or not supported by credible evidence." Budnick v. Budnick, 42 Va. App. 823, 841, 595 S.E.2d 50, 59 (2004) (citation omitted). Credible evidence in the record supports the trial court's imputation of income to appellant and appellee.

## II. APPELLEE'S ADDITIONAL QUESTIONS PRESENTED

Appearing *pro se*, appellee filed a brief raising additional questions for review. She challenges the trial court's equitable distribution award, which she claims "overwhelmingly favored" appellant. Appellee's Br. at 4. She also asserts the trial court imputed too much income to her and too little to her husband. Finally, appellee argues the trial court abused its discretion in failing to award her attorney fees. We summarily reject appellee's arguments pursuant to Rule 5A:27.

For each additional question raised on appeal, Rule 5A:21(b) requires an appellee to provide "a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each additional question was preserved in the trial court." Appellee's brief fails to identify in the record where she preserved the issues she now raises on appeal. This is no small, inconsequential omission. No ruling of a trial court can be "considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "Although Rule 5A:21(b) allows an appellee to raise additional issues on brief, it does not dispense with the requirements of Rule 5A:18 . . . ." Southwest Architectural Prods., Inc. v. Smith, 4 Va. App. 474, 478, 358 S.E.2d 745, 747 (1987). A litigant seeking to reverse a trial court, therefore, must either prove where the issue was preserved below or demonstrate an equitable basis for suspending the waiver rule. Having done neither, appellee cannot prevail on appeal. See generally Barrs v. Barrs, 45 Va. App. 500, 512, 612 S.E.2d 227, 232-33 (2005); Courembis v. Courembis, 43 Va. App. 18, 25-26, 595 S.E.2d 505, 509 (2004).[1]

Assuming *arguendo* appellee had properly preserved these issues for appeal, each one involves discretionary decisions based upon disputed facts. The trial court's division of the marital estate and imputation of income rest upon sufficient evidentiary grounds. We see nothing in the record to suggest the trial court was plainly wrong in its resolution of any factual dispute. Nor can we say the trial court abused its discretionary authority over these issues. Likewise, we find no fault in the trial court's decision to deny appellee's request for attorney fees. This too involves a highly discretionary decision which, when fairly based upon the

---

[1] Appellee does not argue that any exception to Rule 5A:18 applies, and we will not invoke one *sua sponte*. See Bunch v. Commonwealth, 51 Va. App. 491, 497 n.2, 658 S.E.2d 724, 726 n.2 (2008).

competing equities, belongs solely to the trial court.  See Smith v. Smith, 43 Va. App. 279, 290,

597 S.E.2d 250, 256 (2004) ("Given the unique equities of each case, our appellate review steers

clear of inflexible rules and focuses instead on 'reasonableness under all the circumstances.'"

(citation omitted)).


Affirmed.[2]

---

[2] We deny appellant's request for attorney fees on appeal.  See generally Brandau v. Brandau, 52 Va. App. 632, 642-43, 666 S.E.2d 532, 537 (2008).