COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Huff and Senior Judge Haley

NOAH SCHWARTZ, SR.

MEMORANDUM OPINION[*]
v. Record No. 1377-12-1       PER CURIAM
                               JANUARY 22, 2013
AMY ELIZABETH SCHWARTZ

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
David F. Pugh, Judge

(Noah Schwartz, *pro se*, on brief).

No brief for appellee.

Noah Schwartz, Sr., (husband) appeals the trial court's decision awarding Amy Elizabeth

Schwartz (wife) monthly spousal support in the amount of $560. Husband argues that (1) the trial

court erred in finding a change in circumstances based upon wife's testimony; (2) the trial court

erred in denying his motion to reconsider because he presented proof that wife had received food

stamps and sold plasma prior to the termination of spousal support by the juvenile and domestic

relations district court; (3) wife failed to show evidence of a change in financial circumstances;

(4) the trial court erred in making the support retroactive, thus eliminating the equitable distribution

debt; and (5) the trial court erred in awarding the amount of support because it was excessive.[1]

Upon review of the record and brief, we conclude this appeal is without merit. Accordingly, we

summarily affirm the decision of the trial court. See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On December 12, 2012, husband filed motion to expedite his appeal because he will be deployed in January 2013. Husband's motion is denied.

ISSUES 1 AND 3

In determining whether to modify an award of spousal support, "the moving party must prove: 1) a material change in circumstances; and 2) the change warrants a modification." Barrs v. Barrs, 45 Va. App. 500, 507, 612 S.E.2d 227, 230 (2005). "The material change 'must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay.'" Richardson v. Richardson, 30 Va. App. 341, 347, 516 S.E.2d 726, 729 (1999) (quoting Street v. Street, 24 Va. App. 2, 9, 480 S.E.2d 112, 116 (1997)).

> Code § 20-109 grants courts continuing jurisdiction to modify awards where changed circumstances are demonstrated. Thus, "[the] statutory scheme recognizes that comparative needs and capacities change as circumstances change, that changes are not fairly predictable, and that spousal support awards must be determined in light of contemporary circumstances and . . . redetermined [if necessary] in light of new circumstances."

Blank v. Blank, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990) (quoting Jacobs v. Jacobs, 219 Va. 993, 995, 254 S.E.2d 56, 58 (1979)).

"A trial court has broad discretion in setting spousal support and its 'determination "will not be disturbed except for a clear abuse of discretion."'" Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998) (quoting Dodge v. Dodge, 2 Va. App. 238, 246, 343 S.E.2d 363, 367 (1986)).

Husband and wife were divorced by a final decree on January 13, 2011. At a hearing on April 10, 2012, the trial court determined there was a material change in circumstances since the entry of a March 31, 2011 order terminating wife's spousal support because wife was compelled to sell plasma and to apply for food stamps. At a hearing on June 27, 2012, the trial court awarded wife monthly spousal support in the amount of $560. At the hearing, wife testified that she did not receive food stamps while receiving support and that she notified social services upon her employment and receipt of support. She stated that she and husband took vacations, ate out, and

had entertainment expenses during the marriage and that she has been unable to engage in any of those activities since the divorce. Although wife's income had increased since the prior support order, wife submitted an income and expense statement showing a monthly shortfall of $280. The trial court found that wife's income and expense statement was a "bare bones" statement and it did not include everything a family of three may need.

Paragraph 6 of the agreed statement of facts provides in pertinent part:

> The documents produced showed that Amy Schwartz previously had received food stamps and sold plasma (prior to entry of the Order terminating spousal support). Amy Schwartz argued that the food stamp receipt was prior to receiving support initially from Noah Schwartz and that she had sold plasma only to have extra money for the holidays (period of sale October 2010 – January 2011) and again when spousal support was terminated on March 31, 2011.

Based upon a review of the record, the trial court did not abuse its discretion in determining there was a change of circumstances based upon wife's testimony and in awarding wife monthly spousal support in the amount of $560.

### ISSUES 2, 4, AND 5

Rule 5A:20(e) requires that the opening brief contain argument, including principles of law and authorities, relating to the assignment of error. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

Husband's opening brief failed to include any argument or principles of law concerning the trial court's denial of his motion to reconsider, the trial court's decision to make the spousal support award retroactive, and whether the trial court's award of spousal support was excessive. Husband's failure to advance any argument or to cite any legal authority in support of these assignments of

error is so significant that he has waived his right to have them reviewed by this Court. <u>Fadness v. Fadness</u>, 52 Va. App. 833, 850, 667 S.E.2d 857, 866 (2008).

Based upon the foregoing, the trial court's award of monthly spousal support to wife in the amount of $560 is affirmed.

<u>Affirmed.</u>