UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Beales and Decker
Argued in Alexandria, Virginia

BRIAN I. DAVIS

MEMORANDUM OPINION* BY
v.        Record No. 0703-17-4          JUDGE WILLIAM G. PETTY
DECEMBER 12, 2017

MERYL R. DAVIS

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Richard E. Gardiner, Judge

Deborah L. McIntyre-Yurkovich (McIntyre Defede Law PLLC, on
briefs), for appellant.

David M. Zangrilli, Jr. (Odin, Feldman & Pittleman, P.C., on brief),
for appellee.

Brian Davis (husband) argues on appeal that the trial court erred in declining to reduce his

monthly spousal support obligation by more than the $1600 reduction granted by the trial court.

Specifically, he argues the trial court "fail[ed] to consider when determining the amount of the

spousal support award that [he] will be required to invade his assets to satisfy this award while

[Meryl Davis (wife)] will not have to invade hers"; further that he "will deplete in the reasonable

foreseeable future all of his assets to satisfy the spousal support award." He argues that the trial

court "erred in finding that husband had a continuing obligation to support wife when the parties are

now similarly situated" and that it "erred in incorrectly balancing the husband's ability to pay with

the wife's financial needs." In response, wife argues that the trial court erred in granting husband's

motion to reduce spousal support because husband's financial situation has improved while wife's

financial situation has not. In essence, husband argues that the trial court did not lower the spousal

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

support payments enough, and wife argues the trial court lowered them too much. For the reasons explained below, we affirm the trial court's decision.

BACKGROUND

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. We view the evidence in the light most favorable to the prevailing party, granting to the prevailing party the benefit of any reasonable inferences. Congdon v. Congdon, 40 Va. App. 255, 258, 258 S.E.2d 833, 835 (2003).

The parties were divorced in 2009. The final decree equitably divided the parties' marital assets. Husband and wife each received over $800,000 in equitable distribution. Since the divorce, husband's assets have increased to approximately $1.1 million and wife's assets have decreased to approximately $700,000. The final decree also awarded to wife spousal support of $5100 per month. At that time, husband was earning about $18,000 per month in wages. Wife had no income at the time of the divorce, and she began receiving disability payments in approximately September 2008 that she did not disclose to the trial court when it calculated her spousal support in 2009.

Husband was laid off from his job in 2013. In 2014, he was diagnosed with non-Hodgkin's lymphoma and advanced stage retinitis pigmentosa. He no longer has the ability to earn wages, and he now receives disability payments. Husband motioned the trial court for a modification of spousal support based on these circumstances.

The trial court found that husband had met his initial burden of showing a material change in circumstances "both because husband's loss of vision affects (although does not eliminate) his ability to pay and because wife's receipt of social security disability payments

bears upon her financial needs." After considering the assets, income, and needs of both parties, the trial court reduced husband's monthly spousal support obligation from $5100 to $3500. Both parties assign error to the trial court's decision.[1]

ANALYSIS

"Decisions concerning [spousal] support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." Wright v. Wright, 61 Va. App. 432, 446, 737 S.E.2d 519, 525 (2013) (alteration in original) (quoting Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994)). "We will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is 'plainly wrong or without evidence in the record to support it.'" Barrs v. Barrs, 45 Va. App. 500, 507, 612 S.E.2d 227, 230 (2005) (quoting Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 794-95 (1997)).

"A trial court is vested with 'broad discretion in deciding whether a material change in circumstances warrants a modification in the amount of support.'" Driscoll v. Hunter, 59 Va. App. 22, 35, 716 S.E.2d 477, 482 (2011) (quoting Reece v. Reece, 22 Va. App. 368, 373, 470 S.E.2d 148, 151 (1996)). "[O]nly when reasonable jurists could not differ can we say an abuse of discretion has occurred." Wright, 61 Va. App. at 463-64, 737 S.E.2d at 534 (quoting Robbins v. Robbins, 48 Va. App. 466, 482, 632 S.E.2d 615, 623 (2006)).

"Ordinarily, under Code § 20-109(B), a spouse seeking the reduction in his support obligation must show 'a material change in the circumstances of the parties, not reasonably in the contemplation of the parties when the award was made.'" Driscoll, 59 Va. App. at 29, 716 S.E.2d at 480. "A material change in circumstances, by itself, does not require the alteration of a

---

[1] Wife did not file a separate appeal; she did, however, assign cross-error in her appellee's brief as permitted by Rule 5A:21.

spousal support award. Instead, the party seeking modification must show, in addition to a material change in circumstances, that the change warrants a modification of support." Id. at 33, 716 S.E.2d at 481-82 (internal quotation marks omitted). "A modification of support is warranted when it 'bear[s] upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay.'" Id. at 33, 716 S.E.2d at 482 (quoting Moreno, 24 Va. App. at 195, 480 S.E.2d at 794-95). "Spousal support awards must be determined in light of contemporary circumstances and . . . redetermined [if necessary] in light of new circumstances." Barrs, 45 Va. App. at 509, 612 S.E.2d at 231 (alterations in original) (quoting Furr v. Furr, 13 Va. App. 479, 482, 413 S.E.2d 72, 74 (1992)). "[I]n setting support awards, a court must look to current circumstances and what the circumstances will be within the immediate or reasonably foreseeable future, not to what may happen in the future. What is reasonably foreseeable depends on the circumstances of the particular case." Id. (internal quotation marks omitted) (quoting Furr, 13 Va. App. at 482, 413 S.E.2d at 74).

Here, the trial court found that husband had carried his burden to show a material change of circumstances.[2] The change in circumstances, however, was not enough, by itself, to require a modification of spousal support. See Driscoll, 59 Va. App. at 33, 716 S.E.2d at 482. The trial court was required to consider all the circumstances in this case to determine if a modification of spousal support was warranted. The trial court found that "evidence was undisputed that [husband] has lost all his earning ability and must rely on disability payments." The trial court also found that husband had significant assets and that husband's expenses can be reduced. The trial court found that wife has been receiving disability payments, which were not considered during computation of the original spousal award. The trial court made findings of fact

---

[2] Wife does not argue that the trial court erred in finding there was a material change of circumstances; she argues instead that the change in circumstances did not warrant a modification of spousal support.

regarding wife's expenses and concluded that based on wife's current income and expenses "Wife's financial needs exceed her income and continued spousal support is required." The trial court lowered husband's payments from $5100 per month to $3500 per month. Thus, the trial court found that the current circumstances made a reduction in spousal support proper in view of all the circumstances. See Code § 20-109(A).

Nevertheless, husband argues that $3500 per month is too much spousal support to pay. Husband provided the trial court with a demonstrative exhibit projecting that at his current depletion rate he will be bankrupt in five years. Husband argues that the trial court should not order him to deplete his assets in order to pay spousal support, especially when both parties are now "similarly situated." In Driscoll v. Hunter the husband likewise argued that based on the parties' comparable assets he should not have to deplete his assets to pay spousal support when he was no longer earning wages. 59 Va. App. at 34, 716 S.E.2d at 482. This Court explained,

> No special consideration is given to income from wages or a salary over income from payor's other sources. The crucial question, once a material change in circumstances has been shown, is the ability of the supporting spouse to pay. Husband's ability to pay was undisputed. The fact that the payor husband may have to draw from other sources, such as the principal of investment or savings accounts, in order to make his spousal support payment does not by itself require the trial court to suspend or reduce his spousal support obligation.

Id. at 33-34, 716 S.E.2d at 482 (internal citation omitted). This could not be more clear. The trial court determined that husband currently has the ability to pay. The fact that husband may have to draw from his non-wage assets or to reduce the principal of his investments does not require the trial court to reduce or eliminate his spousal support obligation. Husband suggests that Driscoll is distinguishable because here, unlike in Driscoll, he will soon be rendered bankrupt. However, the trial court must base its modification decisions on the circumstance within the immediate or reasonably foreseeable future, not on what may happen in the future.

- 5 -

<u>Barrs</u>, 45 Va. App. at 509, 612 S.E.2d at 231. It was not error for the trial court to treat the projection of bankruptcy as speculative at this time, especially considering the trial court's findings that husband's assets had grown and husband's expenses could be reduced.[3] The crucial question is whether husband has the ability to pay, and the trial court did not err by determining that he did.

Husband argues that spousal support should be terminated because the parties are now "similarly situated" in that both are on disability and drawing from assets to pay expenses. Even if the court had concluded the parties were similarly situated, it still was within the court's discretion to order continued spousal support payments. The question before the trial court is not whether the parties are similarly situated, but rather whether the payee spouse has continued need and the payor spouse has the continued ability to pay. <u>Driscoll</u>, 59 Va. App. at 29, 716 S.E.2d at 480. Furthermore, the trial court was free to reject husband's argument that the parties were now "similarly situated." Wife's assets had decreased, while husband's had increased. Husband's expenses were higher than wife's expenses and could be reduced. Wife had been disabled longer than husband.

For her part, wife also contends the trial court erred in its spousal support decision. She argues that her receipt of disability payments has not decreased her need for support and husband has the ability to pay. Wife enumerates extensive facts regarding the respective financial and medical conditions of husband and wife. This Court, however, "does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of witnesses." <u>Barrs</u>, 45 Va. App. at 407, 612 S.E.2d at 230 (quoting <u>Wagner Enters., Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)). Rather, we accord great deference to

---

[3] The trial court did not err in rejecting the bankruptcy projection as speculative. We decline to address today, as husband urges, at what point a payor's depletion of assets would constitute a material change of circumstances justifying the termination of spousal support.

the trial court's determination of which facts to accept and what weight to give them. See id. Based on the evidence presented, the trial court was not plainly wrong in determining that spousal support should be reduced based on all the circumstances. See Driscoll, 59 Va. App. at 35, 716 S.E.2d at 482.

## CONCLUSION

"We have often recognized that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." Robbins, 48 Va. App. at 482, 632 S.E.2d at 623. Here, the trial court considered wife's continuing disability, her depletion rate of assets, her previously undisclosed disability payments, and her living expenses and weighed those facts with husband's new disability and inability to earn wages, his medical needs, his depletion rate of assets, and his living expenses. The trial court's decision was not plainly wrong, and we will not disturb it on appeal.

Affirmed.