COURT OF APPEALS OF VIRGINIA

Present:  Judges Athey, Callins and Frucci
Argued at Salem, Virginia


CHARLES M. WEST

                                          MEMORANDUM OPINION[*] BY
v.        Record No. 0043-24-3               JUDGE STEVEN C. FRUCCI
                                           DECEMBER 30, 2024

LINDA L. WEST


FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
John T. Cook, Judge

David W. Shreve for appellant.

Brandy M. Poss (Barnes & Diehl, P.C., on brief), for appellee.


Charles M. West ("husband") appeals the circuit court's final order denying his request to

terminate or reduce his spousal support obligation to Linda L. West ("wife").  He asserts that the

circuit court erred as a matter of law when it considered his post-divorce inherited assets to

determine that there had not been a material change in circumstances.  He further claims that the

circuit court erred by finding that his remarriage, his reduced income, and wife's increased

income did not constitute material changes in circumstances warranting modification of spousal

support.[1]  Finding no error, we affirm the circuit court's judgment, award wife her reasonable

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Husband also assigns error to the circuit court's finding that his child's graduation from high school did not constitute a material change in circumstances warranting modification of spousal support.  Rather than explaining why the child's graduation constituted a material change in circumstances, however, husband argues only that the circuit court erred by considering wife's expenses for their now-adult child.  Consequently, we hold that husband waived this assigned error.  *See Bartley v. Commonwealth*, 67 Va. App. 740, 746 (2017) ("[W]here a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." (quoting *Sneed v. Bd. of Pro. Resp. of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010))).

attorney fees incurred defending this appeal, and remand the case to the circuit court for the limited purpose of determining that amount. Rule 5A:30(b)(2)(B); *Sobol v. Sobol*, 74 Va. App. 252 (2022).

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

On September 29, 2014, the circuit court entered a final decree of divorce ordering husband to pay wife $3,000 monthly for spousal support and $2,050.74 monthly for child support.[2]  Under the final decree, husband retained ownership of the parties' marital home, a building in which he operated his dental practice (the "dental building"), and an unimproved lot. Wife subsequently purchased a home for $400,000 with a mortgage.

Husband continued to operate his dental practice after the divorce.  He also earned over $60,000 from real estate transactions, worked on a farm he inherited jointly with his siblings, and individually inherited over $300,000.  After the parties' child graduated from high school in 2020, husband ceased paying child support and wife returned to work.

On May 10, 2021, husband filed a petition to terminate or reduce wife's spousal support because he had remarried, his income had decreased, wife's income had increased, and their child had graduated.  At the hearing, husband testified that his income had declined "significantly" since the divorce because he was "in the twilight of [his] career."  He acknowledged that he only worked two and a half to three days a week and that he did not advertise his dental services, accept credit cards, or have a business website.  Husband's tax

---

[2] Wife was awarded sole legal and physical custody of the parties' child.

- 2 -

returns stated that his total income was $170,382 in 2015 and $127,034 in 2021 and that his net profit was $115,227 in 2022.

Addressing his assets, husband testified that the value of his residence had increased by $136,100, the value of the dental building had increased by $6,900, the value of his unimproved lot had decreased by $19,800, and the value of his interest in the farm was $121,450. He claimed that his residence "need[ed] a little bit of work," most of which he could do himself, but that the dental building was in "pretty bad shape." He also acknowledged that he gave the income he earned from the farm to his brother and that his IRA balance had increased by $156,281.89.

Wife testified that she worked full time earning $20.23 an hour, could not earn additional income, and had to draw from her retirement accounts to pay her expenses. She further testified that her net worth had decreased following the divorce and currently was $652,370.61. She stated that her standard of living had decreased after the divorce and would be "[s]ubstantially" reduced without spousal support. At the time of the hearing, the fair market value of wife's home was $425,000 and she owed $247,198.24 on her mortgage.

After considering the evidence and arguments, the circuit court found that there were "legitimate" concerns over husband's earning capacity and whether he could increase his earnings, that his assets had increased "significant[ly]," and that he had inherited approximately $400,000 after the divorce. The circuit court also found that it had considered wife's earning capacity in the original spousal support award and that she still needed support given her expenses. Based on its findings, the circuit court ruled that husband had failed to prove a material change in circumstances warranting a modification of spousal support. The circuit court alternatively ruled that, even "if there was a material change," it did not "justify a reduction" in spousal support considering "all the evidence and all the [statutory] factors." Husband appeals.

ANALYSIS

*I. Spousal Support Modification or Termination*

A circuit court may, upon petition, modify an award of spousal support if it finds that the petitioner has proven a material change in circumstances warranting modification. Code § 20-109(B), (G). A material change in circumstances "must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay." *Moreno v. Moreno*, 24 Va. App. 190, 195 (1997) (quoting *Hollowell v. Hollowell*, 6 Va. App. 417, 419 (1988)). "Whether there has been a material change of circumstances is a factual finding." *Nielsen*, 73 Va. App. at 381. "[W]e will not disturb the [circuit] court's decision where it is based on an *ore tenus* hearing, unless it is 'plainly wrong or without evidence in the record to support it.'" *Id.* (quoting *Barrs v. Barrs*, 45 Va. App. 500, 507 (2005)).

Husband contends that the circuit court erred as a matter of law by considering his post-divorce inherited assets when it held that there had not been a material change in circumstances. While citing to cases that have recognized that a payee spouse does not have to deplete his or her separate estate to qualify for spousal support, husband argues that a payor spouse is "not required to deplete his or her separate estate . . . to . . . pay [spousal] support" and, therefore, his inherited assets were not relevant to the circuit court's ruling. Husband's position is both inconsistent with our precedent and seems to conflate our past rulings regarding depletion of assets by a payee, not a payor. This Court has recognized that a payor spouse "may have to draw from other sources, such as the principal of investment or savings accounts," to pay spousal support and held that doing so "does not by itself require the . . . court to suspend or reduce"

support. *Driscoll v. Hunter*, 59 Va. App. 22, 34 (2011). Accordingly, the circuit court did not err by considering husband's post-divorce inherited assets.[3]

Husband further asserts that the circuit court erred by finding that his remarriage, his reduced income, and wife's increased income did not constitute material changes in circumstances warranting a modification of his spousal support obligation. We do not address whether the circuit court erred by finding there had not been a material change in circumstances because the record supports its alternative holding that the purported changes did not warrant an alteration in spousal support considering the evidence presented. *See Ali v. Commonwealth*, 75 Va. App. 16, 37 n.9 (2022) ("The doctrine of judicial restraint requires that appellate courts decide cases on the best and narrowest ground.").

"A finding of a material change of circumstances does not . . . require [a] court to modify" spousal support. *Nielsen*, 73 Va. App. at 382. "It is simply the gate through which the party requesting modification of support must pass before the [circuit] court has authority" to consider modification. *Id.* When determining whether to modify spousal support, "the court may consider the factors" enumerated in Code §§ 20-107.1(E) and 20-109(F), and "shall further consider the assets or property interest of each of the parties from the date of the support order and up to the time of the hearing on modification or termination, and any income generated from the asset or property interest." Code § 20-109(G). The circuit court "has broad discretion in deciding whether the spousal support award should be modified and, if so, by how much." *Nielsen*, 73 Va. App. at 379.

---

[3] Notwithstanding our holding, husband argues that the circuit court erred by finding that his inherited assets produced income and by imputing that income to him. The circuit court made no such finding, and husband acknowledges that the circuit court did not "explain how [it] treated the inherited assets."

In this case, the record reflects that husband practiced dentistry part time, did not advertise his services, and gave away the income he earned from working on his family farm. Moreover, the record supports the circuit court's finding that his assets had increased "significant[ly]" since the divorce. By contrast, wife testified that although she worked full time, she had to draw from her retirement accounts to pay her expenses. Since the divorce, wife had experienced a decline in both her net worth and overall standard of living. She stated that any reduction in the spousal support award would result in a "[s]ubstantially" lower standard of living. Given the evidence presented to it and its express consideration of the statutory factors, the circuit court did not abuse its discretion by finding that husband's alleged changes in circumstances did not warrant a reduction in spousal support.

*II. Wife's Request for Attorney Fees and Costs*

Wife asks that we award her the attorney fees and costs she incurred for this appeal. "Such awards are governed by Rule 5A:30." *Sobol*, 74 Va. App. at 290. "In determining whether to make such an award, this Court is not limited to a consideration of whether a party's position on an issue was frivolous or lacked substantial merit but may consider all the equities of the case." Rule 5A:30(b)(2)(C). "Thus, unlike our review of attorney fee awards made by trial courts, the question of attorney fees on appeal is committed to our discretion based upon our consideration of all of the pertinent facts and circumstances." *Sobol*, 74 Va. App. at 290. Exercising our discretion, we remand the case to the circuit court to determine and award wife her reasonable attorney fees that she incurred defending this appeal. Rule 5A:30(b)(2)(B). On remand:

> [I]n determining the reasonableness of such an award the circuit court should consider all relevant factors, including but not limited to, the extent to which the party was a prevailing party on the issues, the nature of the issues involved, the time and labor

- 6 -

involved, the financial resources of the parties, and the fee customarily charged in the locality for similar legal services.

Rule 5A:30(b)(2)(D).  Costs shall be taxed against husband.  Rule 5A:30(a).

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.  We also award wife her reasonable attorney fees and costs incurred on appeal and remand the case to the circuit court for the limited purpose of determining that amount.

*Affirmed and remanded.*